■ EDITH LEBENSFELD, Appellant, v. HARRY LEBENSFELD, Respondent.— In an action for a declaratory judgment, the plaintiff appeals: (1) from an order of the Supreme Court, Kings County, dated August 30, 1960, denying her motion to examine defendant before trial and granting the defendant's cross motion to dismiss the complaint under subdivisions 1 and 4 of rule 106 and under rule 212 of the Rules of Civil Practice, with leave to the plaintiff, if so advised, to serve an amended complaint within a specified time; and (2) from a judgment of said court, entered September 29, 1960, in favor of the defendant, such judgment having been entered by reason of plaintiff's failure to serve an amended complaint. The complaint alleges that the parties were married in this State in 1938; that they entered into a separation agreement during the pendency of an action brought by the present plaintiff for separation; and that on March 15, 1944, judgment thereon was entered in favor of the plaintiff. Such judgment also directed defendant to comply with all of the terms and conditions of the separation agreement but did not confirm such agreement. The complaint further alleges that thereafter the parties resumed marital relations both in the State of New York and in other jurisdictions where the parties contracted a common-law marriage which is entitled to recognition in this State; and that thereafter the defendant abandoned the plaintiff, refused to support her at the higher level maintained during the resumed relationship and sought to revert to the lower scale of support provided for in the separation agreement and in the separation judgment. The complaint asks for judgment declaring: (1) that the parties are husband and wife; (2) that the agreement and judgment of separation are null and void by reason of the resumption of the relationship or the common-law *de novo* marriage of the parties; (3) that the plaintiff is entitled to support in accordance with the defendant's present assets and income; (4) that should defendant predecease her, plaintiff is entitled to share in his estate, notwithstanding a provision in the separation agreement that she waives her right of election under section 18 of the Decedent Estate Law. Order and judgment entered thereon affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.