MARY A. FORCUCCI, Appellant, v ANTHONY J. FORCUCCI, Respondent.

Fourth Department, November 13, 1981

APPEARANCES OF COUNSEL

*Findlay, Hackett, Reid & Wattengel (Glenn Hackett* of counsel), for appellant.

*Sax & Sax (Joseph W. Carosella, Bernard J. Sax* and *Jonathan Sax* of counsel), for respondent.

OPINION OF THE COURT

SIMONS, J. P.

Plaintiff commenced this action for a divorce based upon cruel and inhuman treatment and defendant has counterclaimed for divorce on the same grounds. Both parties ask for maintenance and equitable distribution of the marital property. The issue raised upon this appeal is the effect to be given a 1971 judgment of separation obtained by plaintiff which directed her husband to pay alimony, to purchase hospitalization insurance for her and to maintain insurance on his life at her expense and for her benefit. It is the claim of plaintiff that the judgment of separation

precludes defendant's claim against property known as "The Niagara Nut Shoppe", a business which she started in 1961 and which she has expanded since the judgment of separation. Prior to the start of the trial, the Justice presiding ruled that the economic aspects of the action were to be decided pursuant to the provisions of the Equitable Distribution Law (Domestic Relations Law, § 236, part B). On stipulation of the parties, he granted leave to appeal, stayed further proceedings in the divorce action and stayed disposition of the business or its assets.

Inasmuch as the action was commenced subsequent to July 19, 1980, part B of the revised statute is to be applied to the action. The more specific issue, not yet addressed by the trial court, is whether the business and business property, which defendant alleges are worth some $65,000, are to be considered marital property in view of the prior judgment of separation. We affirm and remand the matter to the trial court to determine whether distribution is appropriate, considering the prior judgment along with the other relevant circumstances of the marriage as set forth in the statute, and, if so, what form the relief shall take (see Domestic Relations Law, § 236, part B, subd 5, par d).

The facts may be stated briefly. The parties were married in 1943 and have one daughter, now emancipated. Their matrimonial difficulties apparently started many years ago and have resulted in numerous disputes and several separations. Plaintiff alleges that she started The Niagara Nut Shoppe in 1961 because defendant failed to support her adequately and that the business and the real property it occupies have always been in her name. In 1971 plaintiff obtained a judicial separation, but in 1972 or 1973 the parties reconciled and resumed living together. In 1976 they again separated and subsequently reconciled. During that separation plaintiff commenced an action for divorce by serving a summons on defendant, but counsel agree that the 1976 action was abandoned and properly should be dismissed (see CPLR 3215, subd [c]; 7 Carmody-Wait 2d, NY Prac, § 44:2). The present action was commenced in July, 1980, after the parties had separated again, and therefore the rules of equitable distribution should be applied.

The Equitable Distribution Law was enacted as the result of a growing realization that the marriage relationship is also an economic partnership and that when a marriage ends there should be some comprehensive and fair approach to the economic incidents of divorce. That being so, it follows that property acquired during the marriage should be equitably distributed upon divorce, and that alimony or maintenance should rest largely on an actual need and ability to pay basis (see, generally, Governor's Approval Memorandum, 1980 McKinney's Session Laws of NY, p 1863; 2 Foster-Freed, Law and the Family [1981 Supp], § 22:54, pp 162-163). It is within the power of spouses privately to agree on property matters and withdraw the economic aspects of their marriage from the court's consideration (see Domestic Relations Law, § 236, part B, subd 3), but if they fail to do so, the statute grants the trial court broad discretion to inquire into the property of the spouses, determine its origin regardless of legal ownership and to apportion it equitably after considering the condition of the parties and the history of the marriage. For purposes of making that determination, the statute classifies property into two categories: "marital property" which is defined as property acquired by either or both spouses during the marriage, regardless of the form in which title is held, and "separate property" which is defined, insofar as it is relevant to this appeal, as property acquired before marriage and the increase from it. Marital property is to be distributed between the parties equitably after consideration of the several factors enumerated in the statute (Domestic Relations Law, § 236, part B, subd 1, par c; subd 5, par d) but separate property is not.

It appears on the record that plaintiff acquired the Nut Shoppe business after the parties married and, accordingly, that it should be considered marital property subject to equitable distribution by the trial court. Plaintiff contends, however, that notwithstanding these facts, the business is not to be considered marital property because its disposition was resolved *sub silentio* in the prior separation action and the judgment in that action remains in effect.

Plaintiff is correct in asserting that the prior judgment remains in effect. The intermittent reconciliation and co-

habitation of the parties did not alter or revoke it (see Domestic Relations Law, § 203; *Lebensfeld v Lebensfeld,* 207 NYS2d 330, affd 13 AD2d 547; *Granchelli v Granchelli,* 31 Misc 2d 838 [WITMER, J.], and cases cited therein). That could only be done by the court (see Domestic Relations Law, §§ 203, 236). The reconciliation notwithstanding, once the parties separated again, the judgment governed as before. The fact that their prior judgment continues unrevoked, however, does not foreclose the divorce court from considering marital property owned at the time of the separation action. It retained the power to amend or supersede that judgment's economic aspects and it may, indeed it should, consider the entire history of the marriage and the status and financial condition of the parties at the time of divorce in resolving the right to distribution of the marital property and the most practical way of apportioning it (see Domestic Relations Law, § 236, part B, subd 5, par e). In short, what assets constitute marital or separate property and what distribution of them is appropriate are matters of fact to be resolved in the first instance by the trial court in the sound exercise of its discretion after considering all the relevant facts and circumstances. The prior judgment, and the parties' conduct pursuant to it, are to be considered along with any other significant factors.

The order should be affirmed and the stay of proceedings vacated.

HANCOCK, JR., DENMAN, MOULE and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs.