■ In the Matter of MARLENE D. BENTLEY, Respondent, v RANDALL T. KNIGHT, Appellant. — Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered February 22, 1982, which directed that, pursuant to part B of section 236 of the Domestic Relations Law, petitioner was entitled to a distributive award of $8,977.79 from respondent's Canadian retirement fund. The parties were married in Canada on July 2, 1977 and lived there approximately a year and one half. During this period, both worked full time for comparable salaries. Prior to their marriage they purchased a house, each contributing $12,500 to the down payment. During the marriage, each party purchased a Canadian retirement fund (RRSP), respondent husband's at one time having a balance of $18,819, and petitioner wife's of $10,600. In February, 1979, respondent found new employment in Ithaca, New York, and the parties moved there. Petitioner, however, found only part-time work in Ithaca. In February, 1979, respondent took a $9,000 loan from Marine Midland Bank in order to purchase additional funds for his RRSP. This loan was repaid during the succeeding year, partly with a $3,200 refund from the parties' 1979 joint income tax and the remainder from respondent's salary. Between February, 1979 and September, 1980, each party withdrew approximately $7,300 from his/her RRSP to pay various marital expenses. In September, 1980 they separated. Respondent moved out of the marital home, but continued to pay the mortgage and other expenses of maintaining the home. The parties were divorced on May 12, 1981. There are no children of the marriage. In the instant action for equitable distribution of their RRSP's, the trial court found that petitioner was entitled to $8,977.79 plus interest from respondent's RRSP, on the ground that she had contributed $1,600 to it directly (through application of her half of the 1979 income tax refund to the Marine Midland loan) and $7,377.79 indirectly (through her withdrawals from her RRSP to pay for

household expenses). The court further found that the amount of respondent's RRSP subject to equitable distribution was $11,549 (the balance as of September, 1980) not $8,300 (the balance as of the trial). Respondent has appealed. Respondent contends that the parties' RRSP's should have been treated as separate property rather than as marital property. Both RRSP's, however, were acquired "during the marriage and before * * * the commencement of a matrimonial action" (Domestic Relations Law, § 236, part B, subd 1, par c). Neither was acquired by bequest, devise or gift from someone other than the spouse; as compensation for personal injuries; in exchange for separate property; or was described as separate property by the parties in a written agreement (§ 236, part B, subd 1, par d). Thus, the RRSP's plainly come within the definition of "marital property" in the statute (see *Forcucci v Forcucci,* 83 AD2d 169, 171). Moreover, in his answer respondent does not deny petitioner's allegation that the RRSP's are marital property; he merely disputes the amount of his RRSP which should be considered for equitable distribution purposes. Relying on *Kobylack v Kobylack* (110 Misc 2d 402), respondent asserts that the RRSP's should not be subject to equitable distribution, but that, instead, each party should be entitled to his/her own RRSP. *Kobylack* is clearly distinguishable from the instant case, however. In *Kobylack* the court found that the husband acquired his profit-sharing plan with his "discretionary income", which was "treated separately by the parties" from their contributions to the mutual household (*id.,* at p 408). Here the parties have claimed no such separate category of "discretionary income", but, to the contrary, appear to have treated their marriage throughout as an economic partnership. During the first one and one-half years of their marriage, the parties here actually had close to an equal financial partnership, both working for similar salaries and contributing equally to the purchase of their house and to the household expenses. Although their partnership was no longer financially equal after the move to Ithaca (caused by respondent's job change), petitioner still contributed whatever she earned toward the household expenses, plus $7,377.79 of her RRSP, approximately the same amount respondent contributed during that period from his RRSP. She maintained the marital home, and indeed the court below found that respondent "asked the petitioner not to seek employment" when they moved to Ithaca. Furthermore, virtually the entire 1979 *joint* income tax refund of the parties was applied to the Marine Midland loan which had been used to purchase additional funds for respondent's RRSP in 1979. On the record before us, therefore, there appears no reason why both parties' RRSP's should not be subject to equitable distribution as "marital property". Marital property is to be distributed on the basis of the factors enumerated in the equitable distribution statute (Domestic Relations Law, § 236, part B, subd 5, pars c, d; *Forcucci v Forcucci,* 83 AD2d 169, 171, *supra*). On the one hand, certain factors such as the shortness of the marriage, both parties' vocational skills and work experience, their relative youth (ages 41 and 32 when divorced) and good health, and the fact that no children were born of the marriage, all tend to suggest that each should receive his or her own RRSP under equitable distribution. On the other hand, this marriage was clearly an equal financial partnership in its early stages when both parties had similar earning power and contributed equally to the purchase of their house and to their living expenses. If they had continued thus to share all expenses equally, any discrepancies between the two RRSP's would be attributable to agreements between them as to how their "partnership" would spend and invest its money, rather than to any intention that one partner should have a larger retirement fund than the other. We assume this financial equality would have continued but for respondent's causing the parties to move to

Ithaca and, according to the trial court's finding, asking petitioner to stop working. Therefore, on considering all of these factors, it would be most fair and equitable for the parties to continue financial equality and divide their RRSP's equally between them. Furthermore, the RRSP's should be divided as of their balances in September, 1980 when the instant action was commenced. We do not agree with respondent's claim that the amount he spent to maintain the marital home between September, 1980 and the date of trial should be deducted from his RRSP before dividing it for purposes of equitable distribution, for he could have paid those expenses from his income rather than from his RRSP. Depleting his retirement fund to pay regular household expenses cannot be considered a normal disposition of the parties' assets or in the course of their regular business or personal affairs (cf. *Froelich-Switzer v Switzer*, 107 Misc 2d 814, 815). Order modified, on the law and the facts, in accordance with the decision herein, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.