■ In the Matter of JEAN A. WARD, Respondent, v WILLIAM F. WARD, Appellant. — Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered July 30, 1982, which, *inter alia,* awarded petitioner title and exclusive possession of the marital residence, determined that the action was governed by part B of section 236 of the Domestic Relations Law, awarded petitioner maintenance of $125 per month and $1,500 in counsel fees. The parties were married in 1952, and have three children, two of whom are emancipated. Petitioner commenced a divorce action on October 11, 1978 alleging cruel and inhuman treatment. Respondent defaulted in answering, but did oppose petitioner's motion for exclusive possession of the marital residence and other temporary relief, which was ultimately denied. Thereafter, no further action was taken by either party with the exception of a separation agreement purportedly signed, but never delivered to respondent's attorney. The parties continued to reside at the marital residence. This status continued until October 27, 1980 when petitioner moved to discontinue the marital action pursuant to CPLR 3217 (subd [a], par 1). The motion was unopposed and the action discontinued by order dated November 6, 1980. Thereafter, on November 25, 1980, petitioner commenced a second action for divorce and again moved for exclusive possession of the marital residence, custody of the minor child and counsel fees. Respondent cross-moved for similar relief. By order dated December 17, 1980, Special Term (Bryant, J.), denied petitioner's motion but ordered respondent to pay past due and future maintenance charges on the residence and $50 per week support. Petitioner was granted a default divorce on August 6, 1981, and all questions pertaining to custody, child support, maintenance and equitable distribution were referred to Family Court. On August 24, 1981, petitioner commenced the instant proceeding in Family Court. By order entered July 30, 1982, following a trial, petitioner was awarded, *inter alia,* title and exclusive possession of the marital residence, maintenance of $125 per month and $1,500 in counsel fees. Respon-

dent's appeal ensued. On this appeal, respondent concedes the court's equal division of the marital property in the form of bank accounts, and an individual retirement account was appropriate, but asserts the court erred in valuing the marital property as of the commencement date of the second divorce action rather than the first divorce action. We find the argument to be without merit. Respondent husband concedes he neither opposed discontinuance of the prior action nor the granting of a decree of divorce in the second action. Under these circumstances, he cannot be heard to complain that equitable distribution was available to his wife (cf. *Valladares v Valladares,* 55 NY2d 388; *Tucker v Tucker,* 55 NY2d 378; *Zuckerman v Zuckerman,* 56 NY2d 636; *Pollack v Pollack,* 56 NY2d 968; *Battaglia v Battaglia,* 90 AD2d 930). We are thus concerned, not with the propriety of the utilization of equitable distribution by the Family Court, rather, solely with the propriety of the distribution made by that court. Respondent's argument that the court should have used the date of the commencement of the initial divorce action for purposes of valuing the marital residence is without merit. The first action was discontinued upon an order to which respondent had no opposition and it thus evaporated as if it never existed. The court properly used the date upon which the second action was commenced as the valuation date. Respondent further contends that the trial court erred in awarding title and exclusive possession of the marital residence to petitioner, asserting that he is entitled to a 50% interest in the residence. We disagree. Respondent mistakenly construes part B of section 236 as requiring "equal", and not equitable distribution of the marital assets. Marital property is to be distributed on the basis of the factors enumerated in the equitable distribution statute, not on a simple 50-50 basis (Domestic Relations Law, § 236, part B, subd 5, pars c, d; see *Matter of Bentley v Knight,* 92 AD2d 638, 639). In essence, equitable distribution presents "matters of fact to be resolved in the first instance by the trial court in the sound exercise of its discretion after considering all the relevant facts and circumstances" (*Forcucci v Forcucci,* 83 AD2d 169, 172). In view of the court's award of the entire automobile appraisal business to respondent, we find no abuse of discretion in the court's award of the marital abode to petitioner, the custodial parent (Domestic Relations Law, § 236, part B, subd 5, pars e, f). A comparison of the relative values of these two major assets demonstrates the equity of this offset. As of January 14, 1982, the marital residence (which was purchased in 1954 for $11,000) had an appraised value of $56,700, free and clear of any incumbrances. The business real estate, which was purchased with marital funds, was appraised at $46,000 subject to a mortgage indebtedness of $23,786.31. In addition, the business showed gross earnings in 1981 of $91,460 from which respondent drew a salary of over $16,000 and received a substantial tax benefit in the form of deductions amounting to $74,925. While evidence was not presented to establish the net worth of respondent's business, a minimal approximation would be an amount equal to the earnings of a single year, i.e., $16,000 (see *Nehorayoff v Nehorayoff,* 108 Misc 2d 311, 319-321). Petitioner made substantial noneconomic contributions to both the marriage and the business including working for respondent between 1970-1972, without salary, as a secretary and bookkeeper. Clearly, petitioner had a spousal claim to an equitable share of respondent's business. However, considering the difficulty of evaluating petitioner's interest as well as the feasibility of continuing a financial association between the parties, an award to petitioner of the marital residence in lieu of her rights in the business was appropriate (Domestic Relations Law, § 236, part B, subd 5, pars e, f; see 2 Foster and Freed, Law and the Family, § 33:8-B [1983 cum supp] pp 870-876). The entire history of this marriage and the present status and financial condition of the parties confirm

that the offset was equitable. Respondent's remaining contentions must also be rejected. The record confirms that petitioner is not presently able to support herself despite viable efforts to do so. Her bi-weekly net salary as a records clerk is $166, while weekly expenses total $208 exclusive of maintenance costs on the residence. Having clearly considered all factors set forth in section 236 (part B, subd 6, par a), the court did not err in awarding petitioner maintenance for an indefinite period of time (*Reed v Reed*, 93 AD2d 105). Moreover, in view of petitioner's modest assets and respondent's ability to comply, we find no abuse of the court's discretion in awarding petitioner counsel fees (see Domestic Relations Law, § 237, subd [b]; *Walsh v Walsh*, 92 AD2d 345). Order affirmed, with costs. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.