■ HAROLD D. MITCHELL, Appellant, v JEANNE MITCHELL, Respondent. — Per Curiam. Appeal from an order of the Supreme Court in favor of defendant, entered January 3, 1983 in Sullivan County, upon a decision of the court at Trial Term (Vogt, J.), without a jury.

In December of 1980, plaintiff commenced a divorce action on the ground of cruel and inhuman treatment. Defendant, in her answer, sought dismissal of plaintiff's complaint. Following a trial, which dealt primarily with the issue of fault, the trial court held that plaintiff had failed to adequately prove his cause of action and dismissed the complaint. Additionally, the court vacated a prior order which had prohibited plaintiff from returning to the marital residence, ordered that plaintiff could resume living at the marital residence and further ordered that plaintiff was obligated to pay one half of all the expenses of operating the marital household. Plaintiff appeals.

The parties were married in January of 1976, at which time plaintiff was 43 years old and defendant was 29 years old. Both parties had been married before and had children from their prior marriages. There are no issue from the instant marriage.

Plaintiff testified to a course of conduct by defendant which he alleged included physical assault upon his person by both defendant and her teenage daughter. Additionally, plaintiff accused defendant of name calling, public embarrassment and refusing to engage in sexual relations. In opposition, defendant and her children testified to a course of physically threatening and verbally abusive conduct by plaintiff toward defendant. There was also testimony indicating that plaintiff's alleged violent and abusive conduct was often precipitated by the consumption of alcohol.

We decline to set aside the trial court's determination dismissing plaintiff's complaint. The trial court is in the best position to judge the credibility of the witnesses testifying before it and

where, as here, there is a sharp contrast in the parties' testimony, it is a factual question for the trial court to resolve the discrepancies (*Hendery v Hendery,* 101 AD2d 624). Since the trial court credited the testimony presented on behalf of defendant, it could validly conclude that plaintiff had failed to prove conduct by defendant which so endangered plaintiff's physical or mental well-being as to render it unsafe or improper for him to cohabit with her (*De Felice v De Felice,* 92 AD2d 1044). Thus, plaintiff's complaint was properly dismissed.

Plaintiff also contends that the trial court erred in granting an order requiring him to pay one half of the mortgage payments, taxes, insurance and the remaining expenses of running the house. Prior to rendering a decision on the grounds for divorce, the trial court had granted defendant exclusive possession of the marital residence. After denying the divorce, the court permitted plaintiff to resume residency in the marital domicile upon the conditions previously stated. The only issue raised by plaintiff in this regard is his objection to the open-ended award. In support of his contention, he cites decisions of the Appellate Division, Second Department. However, those decisions were pursuant to a Second Department rule. No such rule exists in this Department.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.