■ SHIRLEY J. FOXX, Respondent, v CHARLES H. FOXX, Appellant.—Main, J. Appeals (1) from a judgment of the Supreme Court ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 2, 1984 in Clinton County, upon a decision of the court at Trial Term (Doran, J.), without a jury, and (2) from a judgment of said court, entered

September 27, 1984 in Clinton County, which, *inter alia,* denied defendant credit for overpayment in retroactive maintenance and child support awards.

After the parties were divorced, a trial was conducted with regard to equitable distribution of the marital property. Trial Term's decision and addenda thereto resulted in an equitable distribution judgment dated July 26, 1984. As part of this judgment, defendant was directed to pay $2,500 of plaintiff's counsel fees. In addition, the judgment contained a provision whereby defendant was to receive a hearing on the issue of whether he was entitled to credit on his support and maintenance obligations as a result of alleged overpayments of support and maintenance made to plaintiff in the past.

At the hearing that followed, in addition to hearing testimony on this issue, Trial Term heard testimony on a dispute concerning a credit card debt, which resulted from plaintiff taking the parties' three children on a trip to Florida. By judgment dated September 25, 1984, defendant was denied credit on his support and maintenance obligation with respect to alleged overpayments made in the past and was held responsible for three fourths of the disputed credit card debt. This appeal by defendant ensued.

Defendant first argues that Trial Term erred in its award of equitable distribution. This contention is without merit. Equitable distribution presents matters of fact to be resolved by the trial court, and the trial court's resolution of such factual issues and its distribution of property should not be disturbed unless it can be shown that the court abused its discretion in so doing *(see, Matter of Ward v Ward,* 94 AD2d 908, 909). In view of the court's award to defendant of a 1981 Toyota automobile, a 1968 truck and shares of corporate stock options, counterbalancing its award to plaintiff of a 1980 Toyota automobile, a 1972 Buick automobile and Hummel and Kennedy half-dollar collections, we find no abuse of discretion in Trial Term's equitable distribution.

We reach a similar conclusion with respect to the credit card debt incurred as a result of plaintiff's trip to Florida with the parties' children. There was a conflict in testimony with regard to this debt. Plaintiff maintained that defendant had agreed to finance the vacation for the three children but not for her, while defendant testified that, although he had originally agreed to finance the vacation for the children, he later revoked that offer. Because this problem was one centering on the credibility of the witnesses at trial, we will not disturb

Trial Term's resolution of the issue in favor of plaintiff *(see, Mitchell v Mitchell,* 111 AD2d 485).

Defendant next argues that Trial Term erred in failing to credit his support and maintenance obligation by the amount of alleged overpayments made to plaintiff in the past. Specifically, he asserts that, from August 1982, when the divorce action was commenced, to July 1983, when he moved out of the marital residence, he made overpayments for the maintenance of his wife and support of his children that should have resulted in a credit toward his support and maintenance obligation during the period from August 1983 to August 1984. Instead of so doing, Trial Term found that plaintiff did not seek and defendant did not owe any support or maintenance for the period from August 1982 to July 1983, and that he owed a total of $13,150 in support and maintenance for August 1983 through August 1984. The court then credited defendant with the $5,145 that he had actually paid during the 1983-1984 period, leaving a balance due of $8,005. From this amount, defendant argues, should have been deducted from the amount he alleges that he overpaid in 1982-1983. We disagree. The Domestic Relations Law provides that, in awarding maintenance and child support, a court's order shall be effective as of the date of the application therefor, and retroactive amounts of maintenance and support shall be paid according to the directions of the court, which is to take "into account" any amount of temporary maintenance and support that has already been paid (Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). These provisions require a court to provide for retroactive payments of permanent maintenance and support only where the award is in excess of any temporary maintenance and support award, however, and do not require the granting of credits for past overpayments of temporary maintenance and support *(see, Rodgers v Rodgers,* 98 AD2d 386, 389-390, *appeal dismissed* 62 NY2d 646; *see also,* Scheinkman, 1984 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:19 [1977-1984 Supp Pamph], pp 97-98). Thus, Trial Term committed no error when it did not credit defendant with the amount he alleges that he overpaid in 1982-1983.

Defendant's argument that Trial Term erred in directing him to pay $2,500 of plaintiff's counsel fees is likewise unpersuasive. Whether counsel fees should have been awarded was a matter left to the discretion of the trial court *(see,* Domestic Relations Law § 237; *Walsh v Walsh,* 92 AD2d 345). We find no abuse of discretion in the instant case, especially in light of

defendant's far superior present income and future earning potential and in view of the fact that plaintiff's only liquid assets consist of her portion of the proceeds from the sale of the marital residence *(see, Matter of Ward v Ward, supra,* p 910).* We have considered defendant's remaining arguments and find them to be without merit.

Judgments affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.