■ In the Matter of MARIA POLIANDRO, Appellant, v SALVATORE J. POLIANDRO, Respondent. MARIA M. POLIANDRO, Appellant, v SALVATORE POLIANDRO, Respondent.—In a proceeding pursuant to Family Court Act article 6, the petitioner wife appeals, as limited by her brief, from so much of an order of

the Family Court, Suffolk County (Dunn, J.), dated June 20, 1984, as denied her petition for sole custody of the parties' two sons, and in a matrimonial action, the wife appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated January 8, 1985, which limited the scope of the issues pertaining to custody and visitation at the trial of the matrimonial action to changes in the circumstances of the parties and their children since the date of entry of the aforesaid order of the Family Court.

Order dated June 20, 1984 reversed, insofar as appealed from, on the law, and petition dismissed.

Order dated January 8, 1985 reversed, on the law and the facts, and matter remitted to the Supreme Court, Suffolk County, for a trial in accordance herewith. Pending the entry of judgment in the matrimonial action, the defendant shall retain custody of the children. Liberal visitation shall be accorded the noncustodial party.

The wife is awarded one bill of costs.

In August 1982 the wife commenced a matrimonial action in the Supreme Court, Suffolk County, seeking, *inter alia,* a divorce and custody of the children of the parties. Issue was joined in May 1983. The husband moved to a basement apartment in the marital residence in or around November 1982. Subsequent to the initiation of the divorce action and after the parties' children moved into the basement apartment with the defendant in the fall of 1983, the plaintiff petitioned the Family Court for an order pursuant to Family Court Act § 651 awarding her custody of the children.

A custody hearing was held in that court, resulting in an order of the Family Court dated June 20, 1984, which denied the petition and permitted the defendant to retain custody of the children.

The order of the Family Court must be reversed and the petition dismissed. The Family Court did not have jurisdiction to entertain the petition inasmuch as the Supreme Court matrimonial action for divorce and custody was then pending. The Constitution vests the Family Court with original jurisdiction over actions and proceedings for the custody of minors "except for custody incidental to actions and proceedings for * * * divorce" (NY Const, art VI, § 13 [b] [2]). Absent an order of referral by the Supreme Court (Family Ct Act § 652), when an action for divorce and custody has been previously instituted, the Family Court lacks jurisdiction to entertain a custody proceeding during the pendency of that action *(see*

*generally, Lapiana v Lapiana,* 67 AD2d 966; *but see, Matter of Roy v Roy,* 109 AD2d 150). The fact that it was the plaintiff who instituted the Family Court proceeding does not compel a different result, as "subject matter jurisdiction, otherwise nonexistent, may not come into being through waiver or estoppel *(Matter of Newham v Chile Exploration Co.,* 232 NY 37)" *(Verney v Verney,* 53 AD2d 608).

In light of our decision that the Family Court lacked jurisdiction to entertain the custody petition, there shall be a de novo determination of custody at the trial of the matrimonial action. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.