OPINION OF THE COURT
Denis R. Hurley, J.
The respondent in this custody proceeding moves to dismiss same, alleging, inter alia, that the Family Court lacks jurisdiction over the matter due to the pendency of a matrimonial action in Supreme Court wherein part of the relief sought involves custody and/or visitation. The respondent argues that this court is powerless to proceed under the principle stated in Matter of Poliandro v Poliandro (119 AD2d 577), notwithstanding that the matrimonial action has been discontinued as of right pursuant to CPLR 3217 (a).
*178 There is no dispute that the matrimonial action was commenced prior to the commencement of the instant custody proceeding, that the matrimonial action involves custody and/ or visitation, and that the matrimonial action was discontinued by notice on or about April 28,1986. There is disagreement, however, as to the effect of such voluntary discontinuance and whether the rule enunciated in Poliandro (supra) mandates dismissal of the instant proceeding notwithstanding such discontinuance as of right.
It is clear that absent the discontinuance of the matrimonial action, this court would lack the jurisdiction to proceed in the instant custody proceeding. (Matter of Poliandro, supra.) It is also clear, if not axiomatic, that jurisdiction attaches, and is to be determined, at the time of the commencement of the action or proceeding. (Colson v Pelgram, 259 NY 370; Fischman v Fischman, 51 AD2d 725 [2d Dept].) Thus, the resolution of the instant conflict wholly depends upon the effect of the discontinuance of the matrimonial action on or about April 28, 1986.
Petitioner contends that the voluntary discontinuance of the matrimonial action effectively eradicates the action as though it never existed. Thus, it is argued, that since the now discontinued action is a nullity, there was no action pending in Supreme Court at the time of the commencement of the instant Family Court proceeding. Respondent, however, avers that the discontinuance is effective only as of the date of service of the appropriate notice on April 28, 1986, and same is not to be afforded "nunc pro tunc” effect. Neither party has submitted any substantial direct authority in support of their respective positions, and it is doubtful whether such authority exists. However, there is some support for the argument advanced by the petitioner, which the court is inclined to accept as convincing in this case.
In Matter of Ward v Ward (94 AD2d 908), the Appellate Division, Third Department, when presented with a question of the date of valuation of marital property after discontinuance of an action, noted that "[t]he first action was discontinued upon an order to which respondent had no opposition and it thus evaporated as if it never existed.” (94 AD2d, at p 909; emphasis added.)
Based on the rationale enunciated in Matter of Ward v Ward (supra) this court finds that the voluntary discontinuance of the matrimonial action renders that action a nullity. *179 Therefore, it may be said that no related action was pending in the Supreme Court at the time the instant custody proceeding was commenced.
The court further observes that the respondent’s allegations that the Supreme Court made certain custody orders prior to the discontinuance of the action are without support or substantiation. No order has been presented to the court, and it appears that whatever direction may have been made in the Supreme Court as to custody was made in an extremely informal manner without reduction to an enforceable mandate.
Under the circumstances, and for the reasons stated, this court determines that it has jurisdiction to hear and determine the instant custody proceeding. The respondent’s oral motion to dismiss supported by memo of law served May 23, 1986, is accordingly denied.