OPINION OF THE COURT
Denis R. Hurley, J.
The respondent moves for an order vacating a visitation order entered in this court on March 11, 1986, alleging, inter alia, that the Family Court lacked subject matter jurisdiction *795 at the time of entry of the order. The gravamen of the respondent’s jurisdictional argument is that at the time the Family Court proceedings were commenced, and at the time of the entry of the visitation order herein, an action for divorce was pending in the Supreme Court, Suffolk County, thereby causing this court to be without jurisdiction. (Poliandro v Poliandro, 119 AD2d 577.)
By way of background, the parties were first divorced by judgment entered in Suffolk County on August 19, 1980 (Geiler, J.), which judgment set forth certain support and visitation provisions. That divorce judgment was thereafter vacated on jurisdictional grounds (CPLR 5015, 308) by order entered in the Supreme Court on January 22, 1985 (Baisley, J.). Notwithstanding the vacatur of the divorce judgment, the husband filed a Family Court petition in June 1985 seeking an order, inter alia, suspending his support obligations and enforcing/ awarding him visitation rights with his infant children.
That petition was amended to a de novo request for visitation, and a visitation order was ultimately entered, on consent, on March 11, 1986.
By order to show cause dated May 8, 1986, petitioner sought an order holding the respondent in contempt, alleging that she had frustrated his visitation rights as set forth in the then less than two months’ old consent order. That application was followed by the respondent’s order to show cause of June 19, 1986, in which she seeks to vacate the order which he claims she violated. It is that application which is presently before the court.
In her motion papers, the respondent alleges (and has established) that a second, and still pending action for divorce was commenced in the Supreme Court by service of a summons with notice on July 31, 1985. Respondent claims that since the Family Court proceeded after the commencement of the divorce action, its actions are a nullity and that its jurisdiction (if it existed at all) was divested under the rule in Poliandro (supra).
The court rejects the respondent’s contention that the Family Court may be divested of jurisdiction by virtue of the commencement of a Supreme Court matrimonial action. Indeed, if the respondent is correct, a party could nullify, nunc pro tunc, a protracted Family Court proceeding merely by commencing an action for divorce in the Supreme Court. We *796 do.not read Poliandro (supra) or the relevant constitutional provisions (NY Const, art VI, § 13) as mandating dismissal of a Family Court proceeding whenever a companion, but subsequently commenced matrimonial action is pending in the Supreme Court.
However, under the Poliandro rule, a dismissal is warranted if, at the time the Family Court custody-visitation proceeding is commenced, there is already pending in the Supreme Court an action for the same or similar relief. That question is really the essential issue before the court on this motion.
Again, there is no dispute that the matrimonial action was commenced on July 31, 1985. The instant Family Court petition, although not physically served until after that date, was verified at the Intake Department on June 12, 1985. In Family Court practice, the filing date is the measuring date for commencement of the proceeding, unlike other civil actions wherein the time of service controls. Family Court Act § 423 specifically states: "Proceedings under this article are commenced by the filing of a petition, which may be made on information and belief.” (See also, Family Ct Act §§ 523, 821; Uniform Rules for NY St Trial Cts [22 NYCRR] § 205.9.)
It is therefore clear that the instant proceeding was commenced in June 1985, i.e., before the commencement of the Supreme Court action. Therefore, at the time the Family Court proceeding was commenced (and at the time of attachment of jurisdiction), there was no pending action in the Supreme Court. Upon these facts, the decision in Poliandro (supra) does not operate to void the Family Court proceeding.
The motion to dismiss/vacate is therefore denied. The order entered in this court on March 11, 1986 shall remain in full force and effect. The parties and counsel shall appear in Part III of the Family Court on September 5, 1986, for the commencement of a hearing regarding the relief requested by the petitioner in his May 8, 1986, order to show cause.