OPINION OF THE COURT
Karen K. Peters, J.
By petitions dated December 12, 1990 and February 1, 1991, *145 Shirley M. petitioned this court for a modification of a prior order of this court dated October 15, 1990, whereupon both parties were granted joint custody of William M., Ill and Lance M. The order further provided that the parties shall "divide physical custody of the children in a manner and at times agreeable to the parties.”
Petitioner’s current allegations stem from the parties’ alleged inability to agree upon a visitation schedule. Notwithstanding the prior litigation in this court commencing with a petition for custody dated September 15, 1989, Ms. M., the petitioner in the instant action, commenced a matrimonial action in the Supreme Court of Ulster County on or about July 30, 1990 requesting resolution, inter alla, of the issue of custody. According to documents submitted by counsel for respondent, a formal summons and complaint was filed by Ms. M. against Mr. M. in the Supreme Court of Ulster County. The complaint made no reference to the prior orders of the Family Court concerning custody. An amended verified answer with counterclaims was served by Mr. M. upon Ms. M. That document, dated April 11, 1991, requested a divorce and additional relief which included "a judgment awarding defendant custody of the infant issue of the marriage.” It is notable that these documents did not advise the Justice in the Supreme Court action that prior orders of this court had been entered in which the issue of custody had been resolved.
When Ms. M. filed the two petitions which are presently before this court, she failed to disclose that she had previously commenced a matrimonial action in the Supreme Court requesting custody. Each verified petition filed in this court contained a statement to the effect that "no previous application was made to any Court or judge for the relief herein requested.”
On April 18, 1991, a temporary order was entered by the Honorable Vincent Bradley, Justice of the Supreme Court, in the pending matrimonial action. That order referenced the fact that the parties presently had joint custody of the infant children and set specific visitation times for the children to spend with their mother and father. Neither counsel for the petitioner nor counsel for the respondent advised this court or the Law Guardian of Justice Bradley’s order until the commencement of this trial on September 9, 1991. Their failure to provide the court with this information is most notable since on May 8, 1991, counsel received written communication from *146 this court setting the trial dates in this action for August 26th, September 9th, September 16th and September 23rd.
Counsel for petitioner and respondent appear in the Ulster County Family Court on at least a weekly basis. They are well aware of the overwhelming caseload facing this court and the fact that over 6,000 cases are handled each year with only two Judges. It is distressing to this court that neither attorney came forward to disclose the temporary order of Justice Bradley which directly dealt with the issues pending before this court. It is also regrettable that counsel for the respondent failed to make an appropriate motion to dismiss this action based upon the pendency of the Supreme Court action in a timely manner. The alleged "Motion to Dismiss” was made by letter dated August 9, 1991 sent to the court without copy to the Law Guardian. Counsel for the petitioner vehemently opposed such "motion” by a responding letter. Counsel for the respondent renewed his "Motion to Dismiss” at the commencement of trial on September 9, 1991.
At no time in our history have the courts of this State been so overburdened with litigation at a time when resources were so scarce. Each and every citizen who has been involved in proceedings in the Supreme Court or the Family Court of the State of New York are well aware of the extensive delays occasioned by the large number of pending cases. It is truly regrettable that any individual or attorney would attempt to misuse the resources of the court by instituting simultaneous proceedings in two courts.
The issue of this court’s jurisdiction over the current proceeding to modify a prior order is now finally before this court in an appropriate manner. The court required counsel for the parties to file memoranda of law which have been received as of this date. The trial of this action is expected to continue on Monday, September 16, 1991, unless this court grants the motion to dismiss. Therefore, the decision of this court must be rendered today, despite the fact that there are five serious child abuse and neglect decisions this court must render.
Family Court is given original jurisdiction over custody proceedings by section 651 of the Family Court Act. Since there was no matrimonial action pending in Supreme Court at the time that the original custody petition was filed, Family Court validly acquired jurisdiction over that action. Until a final order is entered in the pending proceeding in Family Court, the court’s jurisdiction over that proceeding cannot be *147 divested by a subsequent commencement of a matrimonial action. (Matter of James P. W. v Eileen M. W., 136 AD2d 549 [2d Dept 1988].) This court may, however, in its discretion, decline to continue to exercise jurisdiction. This court has made such determinations in other proceedings which have been pending before it when a matrimonial action was subsequently commenced. (Matter of Roy v Roy, 109 AD2d 150 [3d Dept 1985]; McKay v McKay, 82 Misc 2d 929 [Fam Ct, Ontario County 1975].) This court is also authorized to dismiss the within petition in the interest of judicial economy under the general provisions of CPLR 3211 (a) (4). While Matter of Roy v Roy (supra) was concerned with the filing of a support petition during the pendency of a matrimonial action, the teachings of the Appellate Division in that decision are quite relevant to the matter presently before this court. There, the court clearly held that in the absence of any specific constitutional or statutory provision ousting Family Court of the jurisdiction it had when the proceeding commenced, Family Court, as the court which first obtained jurisdiction, may continue to exercise it. The filing of the petition is the relevant point in time for determining whether Family Court has jurisdiction to determine an action. (See, Matter of Rensselaer County Dept. of Social Servs. v Cossart, 38 AD2d 635 [3d Dept 1971].)
Whether the court should dismiss a pending Family Court action when a matrimonial action is subsequently commenced is a determination based solely upon the discretion of the trial court. The identity of the party commencing the subsequent matrimonial action is a relevant factor. In the matter before this court, the petitioner, Shirley M., commenced the matrimonial action prior to the filing of the present petitions before this court. She did not disclose the pendency of the matrimonial action nor did she disclose the pendency of the petitions in this court to the Supreme Court. Counsel argues that the petitions in this court should not be dismissed since respondent and his counsel have been well aware of the related matrimonial action for months and have participated in extensive motion practice. Notwithstanding the above, he waited until the eleventh hour to make a motion in this court for dismissal of the petitions presently pending.
Counsel further argues that no Law Guardian has been appointed in Supreme Court but does note that there was an application made for the appointment of a Law Guardian before Justice Bradley. Such application was denied until "such time as it is clear where the parties stand on custody *148 and visitation.” There is no information before this court as to whether the attorneys were straightforward with Justice Bradley in advising him that there was presently pending litigation in this court concerning the same parties in which a Law Guardian had already been appointed. If they were straightforward with the Supreme Court Justice, he may have been more understanding of their request for an appointment of a Law Guardian in the Supreme Court action provided that they were not attempting to litigate the same issue in two courts at the same time.
Counsel for petitioner also argues that the Family Court has important forensic devices available to it such as psychological and alcohol evaluations. At the present time, Supreme Court has available to it all the forensic devices previously available only to Family Court — the appointment of Law Guardians and the ordering of mental health and other evaluations. In addition, the Supreme Court is the only court which can determine questions of equitable distribution which permits it to provide a more comprehensive financial resolution of the equitable distribution, maintenance and child support matters. The determination of these issues is quite relevant to the determination of custody in the final instance.
As to petitioner’s argument that Family Court can provide a more speedy resolution of custody issues than Supreme Court, this court is quite incapable of agreeing with this argument. First, the ever increasing filings of abuse and neglect cases in this court which require statutory preference prevent this court from engaging in timely fact-finding hearings concerning custody. Moreover, situations such as the one before this court in which counsel commence custody litigation in two courts simultaneously, strain the resources of both courts. Finally, this court cannot ignore the fact that the parties herein have a valid custody order from Family Court and a specific visitation schedule issued by the Supreme Court. There is no evidence before this court that it is critical that the custody matter be tried in a speedy fashion. Certainly, it is critical that this matter should not be tried in both courts. Mindful of the decision of the Family Court of Suffolk County in Matter of Greco v Greco (132 Misc 2d 794 [Fam Ct, Suffolk County 1986]), and the decision of the Appellate Division in Matter of Poliandro v Poliandro (119 AD2d 577 [2d Dept 1986]), this court determines that dismissal is warranted.
The request for judicial intervention in the Supreme Court matter was filed on November 15, 1990 by John Greco, coun *149 sel for the defendant, William M. It correctly affirmed that no other action was pending.
Neither the rules for judicial intervention nor the rules of the Family or Supreme Courts set forth a continuing obligation of counsel and/or the parties to disclose the filing of additional or other actions requesting the same or similar relief. While it seems patently obvious that counsel, as officers of the court, should promptly reveal such information to the trial court, practice seems to differ.
While this court notes that Ms. M.’s petition was filed without the assistance of counsel, had such petition accurately disclosed the pendency of the Supreme Court action, this court would not have wasted precious days on this case. If Ms. M.’s original and/or subsequent counsel had acted appropriately, they could have required that their client withdraw the instant petitions before this court. If counsel for Mr. M. had acted appropriately, he would have promptly made a motion to dismiss the petitions filed by Ms. M. due to the pendency of the Supreme Court action. Counsel’s decision to permit two courts to simultaneously use their resources to determine the same issue challenges the patience of this court.
In order to ensure that the scarce resources of the courts are no longer strained by the absurdity of simultaneous actions for similar relief, this court urges the enactment of a new court rule requiring that counsel in Supreme and Family Court actions remain under a continuing obligation throughout the pendency of any matrimonial or Family Court action to promptly and affirmatively disclose to the court their involvement in or knowledge of any action by and between the parties for the same or similar relief.
The clerk shall forward a copy of this decision to the Honorable Vincent Bradley, Justice of the Supreme Court, to whom the matrimonial action by and between the parties has been assigned. This court is confident that Justice Bradley, in his discretion, will determine whether it is appropriate to appoint Robert Grieco as Law Guardian for the children in the Supreme Court proceeding.