■ ANNE E. VICINANZO, Appellant, v VINCENT E. VICI-
NANZO, Respondent. [620 NYS2d 607] —Yesawich Jr., J. Appeal
from that part of an order of the Supreme Court (White, J.),
entered October 7, 1993 in Montgomery County, which denied
plaintiff's motion for leave to enter a judgment for arrearages
in the payment of maintenance pursuant to Domestic Rela-
tions Law § 244.

In an earlier decision (193 AD2d 962), we found Supreme
Court's award of nondurational (hereinafter "regular") main-
tenance to plaintiff, in the amount of $500 per week, to be
reasonable. After taking into account all moneys paid by
defendant for plaintiff's support during the pendency of the
litigation, including $37,000 which had been transferred to

plaintiff, but not utilized, prior to her motion for temporary maintenance, we also determined that at the time the judgment of divorce was granted, defendant had fully complied with his temporary maintenance obligations. Plaintiff presently appeals from an order denying her motion for permission to enter a judgment against defendant for arrearages in the payment of regular maintenance, arguing that Supreme Court, in concluding that defendant was entitled to a $34,000 credit toward his maintenance obligation, misapplied this Court's prior decision.

Plaintiff's argument has merit. As we observed in that decision, plaintiff was entitled to temporary maintenance at the rate of $4,000 per month from November 29, 1988 through June 19, 1991, or a total of $124,000. The record before us at that time indicated that defendant had made payments of only $92,000, leaving a deficit of $32,000. We also found that defendant was entitled to a credit of $37,000 for funds he had previously advanced to plaintiff. Applying $32,000 of this credit against the remaining debt, we concluded that defendant should not have been charged for any arrearage at the time of the final judgment. Having "used up" $32,000 of the $37,000 credit to cancel his arrearage in temporary maintenance, defendant cannot now argue that he is entitled to apply the full credit against his obligations for regular maintenance; at most, he would have $5,000 of remaining credit.

Left to be decided is whether this $5,000 credit may be applied against the $33,000 that defendant owed for permanent maintenance, through August 31, 1993, the time period to which plaintiff's motion related. The Domestic Relations Law provides that when calculating the amount due retroactively under a final order of maintenance, credit is to be given for amounts paid as temporary maintenance (see, Domestic Relations Law § 236 [B] [6] [a]). However, that provision has been held applicable only when the final order retroactively sets a higher rate than that paid during the pendency of the action, thus creating an immediate arrearage (see, Foxx v Foxx, 114 AD2d 605, 607). But that is not the case here. Insofar as defendant argues that it is unfair to simply disregard the excess credit of $5,000, we note that similar arguments were made with regard to the proper disposition of the entire $100,000 payment and were rejected by this Court at the time of the parties' prior appeal, when it was determined that it was appropriate to give a credit against temporary maintenance arrears but not to disturb the equitable distribu-

tion of the parties' assets or the permanent maintenance award.

Mikoll, J. P., Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, to the extent that plaintiff's motion for permission to enter a judgment for maintenance arrears in the amount of $33,000 is granted, and, as so modified, affirmed.