■ HELEN K. BASILE, Appellant, v JOSEPH B. BASILE, Respondent. [640 NYS2d 298] —Mercure, J. Appeal from an order of the Supreme Court (Lynn, J.H.O.), entered December 12, 1994 in Ulster County, which, *inter alia*, adjusted credits between the parties concerning maintenance.

Plaintiff commenced this action for a divorce on September 3, 1986. By order entered March 24, 1987, Supreme Court directed defendant to pay plaintiff temporary maintenance of $125 per week. By order entered December 19, 1988, Supreme Court terminated the award of maintenance and then, by order entered April 26, 1989, fixed maintenance at $50 per week. Ultimately, in the parties' judgment of divorce, entered July 28, 1992, Supreme Court awarded plaintiff permanent maintenance of $375 per week, retroactive to September 3, 1986. On appeal, this Court reduced the award to $250 per week and limited its duration to five years from the date of this Court's decision, December 9, 1993 (199 AD2d 649, 652). On remittal, Supreme Court applied our order retroactively, crediting defendant with $34,750, the same representing the net reduction in maintenance for the period from September 3, 1986 through the date of our order.

Plaintiff appeals once again, this time contending that, as modified by our order, Supreme Court's award of permanent maintenance was less in amount than the prior award of temporary maintenance, triggering the rule of *Rodgers v Rodgers* (98 AD2d 386, 389-390, *appeal dismissed* 62 NY2d 646), adopted by this Court in *Foxx v Foxx* (114 AD2d 605; *see, Vicinanzo v Vicinanzo*, 210 AD2d 863), that an award of permanent maintenance need be applied retroactively to the date of application therefor (*see*, Domestic Relations Law § 236 [B] [6] [a]) "only if the award is in excess of any temporary maintenance award" (*Rodgers v Rodgers, supra*, at 390; *see, Vicinanzo v Vicinanzo, supra*, at 864; *Foxx v Foxx, supra*, at 607). Although correctly setting forth the rule of *Rodgers v Rodgers* (*supra*), plaintiff's argument must fail, as it is founded upon an inaccurate factual assumption, i.e., that Supreme Court's March 1987 order fixed temporary maintenance at $375 per week. Likely, plaintiff's confusion is caused by the fact that the subject order fixed child support at $375 whereas, as previously stated, maintenance was set at $125. However, we cannot understand plaintiff's apparent unawareness of the two subsequent orders of Supreme Court, fixing temporary maintenance at $0 and $50, respectively. Because it is apparent that Supreme Court's award of permanent maintenance, originally and as modified by this Court, substantially exceeded the

awards of temporary maintenance, plaintiff's analysis is wholly inapposite.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.