OPINION OF THE COURT
Richard S. Lawrence, J.
This is a motion by the petitioner father to dismiss the respondent/applicant mother’s instant petition for modification *193 of a custody and visitation order previously entered by this court during 1999.
The instant petition was “clocked in” by the clerk’s office of this court on March 26, 2002 and first appeared on this court’s calendar July 12, 2002. Although the court cannot ascertain the date of service upon the petitioner, the date clearly was subsequent to April 28, 2002. Neither party has stated when service upon the respondent occurred.
Respondent states that the Family Court action was commenced by filing of the petition with the clerk of the court on March 26, 2002, and that therefore the law then in effect governs. In this, respondent is incorrect, as the commencement of a Family Court action is only upon service upon the adverse party. The commencement by filing date is applicable only to Supreme Court and County Court matters pursuant to CPLR 306-a. (See Matter of Poliandro v Poliandro, 119 AD2d 577 [2d Dept 1986], appeal dismissed 68 NY2d 908 [1986].)
After the petitioner was served, his sole responsive pleading was this order to show cause to dismiss. The Law Guardian’s position is that this court has no jurisdiction over this matter, either pursuant to the prior statute or the current one.
This is a case of first impression, in which the respondent’s position, among other things, is that since New Jersey has not yet enacted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and New York State has enacted that statute effective April 28, 2002, that this court must entertain jurisdiction. The current New Jersey law is substantially similar to the New York State law prior to April 28, 2002, which was the Uniform Child Custody Jurisdiction Act (UCCJA). Both statutes appear in the Domestic Relations Law under article 5-A; the UCCJA was Domestic Relations Law § 75-a through § 75-z, with the UCCJEA having been enacted effective April 28, 2002 and the UCCJA having been repealed as of that date. The UCCJEA is found at Domestic Relations Law §§ 75-78-a.
Upon a motion to dismiss, the applicable law is that which was in effect at the time the motion was made (see Historical and Statutory Notes, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 75, 2003 Pocket Part, at 16). Furthermore, and as set forth above, the underlying action was commenced, by service, subsequent to April 28, 2002. Therefore, the UCCJEA governs. Domestic Relations Law *194 § 76-a entitled. “Exclusive, continuing jurisdiction” provides that once “a court of this state * * * has made a child custody determination,” then this state “has exclusive, continuing jurisdiction over the determination” of any future application regarding child custody, until:
“(a) a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships.”
This court has exclusive continuing jurisdiction as the parties were residents of Nassau County and received a judgment of divorce from this County on March 19, 1998 from the Nassau County Supreme Court by Justice Marvin D. Segal. Thereafter, additional proceedings were brought in this court to modify the parties’ agreement as to custody and visitation, pursuant to certain terms of the stipulation of settlement and amended stipulation of settlement which were incorporated but not merged in the judgment of divorce. This resulted in a consent order issued by this court on February 22, 2000. Accordingly, the petition at bar initially was properly brought before this court.
Having determined that this court has jurisdiction pursuant to statute, it must now determine whether the child and his father, with whom he resides, have “a significant connection” with New York and that “substantial evidence is no longer available” in New York concerning the child’s care, etc. It is undisputed that the petitioner and the subject child have resided in New Jersey continually for a period of three years, and that the child has been attending school in New Jersey and has his friends there. Even taking the respondent’s allegations of New York State “contacts” at face value, the contacts alleged between the child and New York State are de minimis at best and virtually nonexistent at worst.
The respondent’s allegations regarding contacts of the child with New York State are as follows:
1. approximately seven months ago the child attended a communion of a cousin in East Rockaway;
2. various family members of the respondent live in Nassau County (there are no allegations whatsoever that there is any relationship or contact between the child and any of these relatives);
*195 3. the petitioner allegedly “maintains” the former marital residence in Nassau County “and rents the house out”; and
4. if this matter were heard in New Jersey, then it would be a tremendous burden upon the respondent to have any of her necessary Nassau County witnesses appear.
Even if this court were to accept every single one of the allegations of the respondent, they do not, even in their totality, approach any of the necessary requirements of the UCCJEA. New York clearly is not the home state of the child (Domestic Relations Law § 76 [1] [a]); the home state (New Jersey) has not declined to exercise jurisdiction (Domestic Relations Law § 76 [1] [b]); the child has no “significant connection” with New York State (Domestic Relations Law § 76 [1] [b] [i]); and there is no allegation whatsoever that this court may exercise its temporary emergency jurisdiction (Domestic Relations Law § 76-c).
This court determines that the child has no significant connection whatsoever with New York and also that there is no substantial evidence whatsoever available regarding the child’s care, protection, training, and personal relationships. In fact, should there be a future custody hearing, all of the witnesses with respect to these aspects of the child’s life would appear to be New Jersey residents. The mother urges that it would not be convenient for her to have this matter heard in New Jersey/to have this court decline jurisdiction because her witnesses are all local Long Island witnesses and that it would be a hardship upon her to have those witnesses appear in a New Jersey action. However, this is not the standard which this court must apply, as the convenience of the mother’s witnesses is irrelevant.
This court, now having found that the child and one parent have no significant connection with New York, and having further found that substantial evidence no longer available in New York, this court now declines jurisdiction of this matter. Therefore, and pursuant to Domestic Relations Law § 76-b this court has determined that it no longer has exclusive, continuing jurisdiction under section 76-a and therefore New Jersey is free to entertain jurisdiction upon application by either parent.
The father urges, as an alternate ground, that if this court has jurisdiction of this matter, that it should not accept the present matter pursuant to Domestic Relations Law § 76-f, “Inconvenient forum.” In such an event, if this court were to make such a determination, then this court must stay the present proceedings upon condition that a child custody proceeding be *196 promptly commenced in the other jurisdiction (Domestic Relations Law § 76-f [3]). However, this court need not reach the issue of inconvenient forum, as it has made its determination in accordance with Domestic Relations Law § 76-a.
The respondent alleges that since New Jersey has not yet enacted the UCCJEA, this court therefore must accept jurisdiction as the comparable statute does not exist in the sister state. Respondent’s reliance upon this argument is misplaced, as the UCCJEA nowhere states that the other state which could accept jurisdiction must have had the new statute enacted. All that the UCCJEA requires is that another state could be a proper state for jurisdiction (Domestic Relations Law §76 [1] [d]). Since the New Jersey statute is still its version of the UCCJA, then the UCCJA will govern in any New Jersey action that might be commenced by this respondent.
Respondent has submitted to this court a surreply affidavit. Such pleadings are not recognized by the CPLR nor were they contained in this court’s motion schedule agreed to by the parties before the court on August 28, 2002. Accordingly, this court has not considered the surreply in rendering its decision. However, even if this court were to have considered that additional affirmation, this court’s decision would have been the same.
Accordingly, the petitioner’s instant motion is granted and the petition is dismissed.