■ HOWARD NASH, Respondent, v ELIZABETH YABLON, Appellant. [869 NYS2d 154]—

This matrimonial action originally was commenced in the Supreme Court, Queens County. Thereafter, it was administratively transferred to the Supreme Court, Kings County, pursuant to an order dated October 6, 2003, directing that all matters related to the matrimonial action shall be heard in that court. In December 2006 the Supreme Court, Kings County, issued an order expanding the plaintiff's visitation with the parties' son, inter alia, to include overnight visits. Thereafter, the defendant moved in Family Court, Queens County, to modify the plaintiff's visitation with the parties' child. By order dated January 11, 2008, the Family Court, Queens County, granted the defendant's motion to the extent of limiting the plaintiff's visitation with the child to only three hours per week of supervised visits, thereby also eliminating overnight visitation. In response to that order, the plaintiff moved in the matrimonial action, inter alia, in effect, to reinstate the December 2006 order. In the order appealed from, the Supreme Court granted that branch of the plaintiff's motion, and we affirm.

Once the matrimonial action was transferred out of the Supreme Court, Queens County, to the Supreme Court, Kings County, the Family Court in Queens County could not exercise jurisdiction on issues of visitation related to the matrimonial action under the unique circumstances of this case (*see Young v Young*, 130 Misc 2d 527 [1985]; *see also Poliandro v Poliandro*, 119 AD2d 577 [1986]). Accordingly, the December 2006 order was properly reinstated in the order appealed from.

The plaintiff's contention that the Supreme Court improperly denied that branch of his motion which sought to impose a sanction against the defendant is not properly before us since he did not file a notice of appeal (*see* CPLR 5515). Ritter, J.P., Florio, Miller and Carni, JJ., concur.