Donna L. Ackley, Respondent, v Gordon J. Ackley, Appellant.

Fourth Department, March 6, 1984

**APPEARANCES OF COUNSEL**

*Jones & Jones* (*Peter K. Skivington* of counsel), for appellant.

*Streb, Porter, Meyer & Wesley* (*Randolph A. Meyer* of counsel), for respondent.

**OPINION OF THE COURT**

Boomer, J.

This appeal requires us to decide whether a gift to a husband and wife from the parents of one of them is separate property or whether it is marital property for the purpose of equitable distribution in a divorce action.

Here, the only issue concerns the trial court's disposition of the marital residence. In 1980, one year before the commencement of this divorce action, the wife's parents deeded the residence to the husband and wife as tenants by the entirety. At the time of the conveyance, the property was worth $73,500, but the only consideration for the property was a bond and mortgage executed by the husband and wife in the amount of $35,500. After the transfer,

the parties obtained a home improvement loan in the amount of $8,000 and spent the proceeds for improvements to the property.

The trial court found that the wife's parents would not have made the transfer if they had not expected the marriage to continue and that they intended to benefit primarily the wife. Based on these findings, it concluded that, to the extent the value of the property exceeded the amount of the mortgage, the "parents made what was in the nature of an equitable gift" to the wife. The court further found that the value of the marital property, subject to distribution, was $43,500, representing the sum of the amount of the mortgage, $35,500, and the amount spent on home improvements, $8,000. In distributing the marital property interest in the premises, the court ordered that title be conveyed to the wife and that she assume the obligation to pay the balance of the mortgage and the home improvement loan. It awarded the husband, as his share of the marital interest, the sum of $381.25, representing one half of the difference between the value of the premises as marital property, $43,500, and sum of the balances remaining on the mortgage and on the home improvement loan, $42,737.49

On the facts in this case, we cannot agree with the conclusion of the trial court that the transfer of the premises to the husband and wife represented, in part, a gift to the wife alone. Such a conclusion contradicts the unambiguous language of the deed which vests title in both the husband and wife. Moreover, the wife's father testified that he conveyed the property to his daughter and her husband as a gift to both of them.

On this appeal the wife does not argue that the transfer was in part a gift to her alone. She contends that there is no authority for treating property as part marital and part separate and that the residence was sold to both parties and became marital property. We agree with the wife that the residence is marital property subject to equitable distribution. We need not decide if property may be considered part marital and part separate, for upon transfer the residence became marital property even if we consider the transfer as partly a gift.

By statutory definition, "marital property" is all property acquired by either or both spouses during the marriage, except separate property (Domestic Relations Law, § 236, part B, subd 1, par c). "Separate property" includes "property acquired * * * by * * * gift from a party other than the spouse" (Domestic Relations Law, § 236, part B, subd 1, par d, cl [1]).

It is clear from the language of the statute that the Legislature intended that a gift from a third party to one spouse be considered the separate property of that spouse. Not clear is whether it also intended that a gift to both spouses be considered the separate property of each.

It may be argued that since the Legislature did not limit its definition of separate property in the case of gifts to property acquired by only one spouse, it intended that all gifts from third persons, whether to one or both spouses, be deemed separate property. On the other hand, it may also be argued that the Legislature indicated a contrary intent by using the words "the spouse" in its definition of "separate property" as property acquired by gift from a party other than *the spouse*. The words "the spouse" refer to a particular spouse and in context they can only refer to the spouse of the person who receives the gift. Thus, since the statute refers to the recipient of the gift in the singular, it may be said that the Legislature intended that only a gift to one spouse be deemed separate property. Further, unless the grantor specifies the proportionate share of each recipient, it seems illogical to treat a gift to both spouses jointly as the separate property of each.

In construing the language of the equitable distribution statute, we must consider its basic premise that marriage is an economic partnership (see *Forcucci v Forcucci*, 83 AD2d 169, 171). "[T]he partnership concept of marriage is enhanced by a recognition that property acquired jointly by the spouses during marriage by gift, bequest, devise or descent is a part of the marital estate" (*Grant v Grant*, 424 A2d 139, 144 [Me]). A gift of property to both spouses comes to them by reason of the marital relation (*Forsythe v Forsythe*, 558 SW2d 675, 678 [Mo]) and should be considered as property belonging to the marital partnership. Thus, wedding gifts as well as other gifts made to both

spouses have been held to be marital property (*Nehorayoff v Nehorayoff,* 108 Misc 2d 311, 315; *Matter of Smith,* 100 Ill App 3d 1126, 1134; *Dildy v Dildy,* 650 SW2d 324, 329 [Mo]; *Gee v Gee,* __ Pa __, __, 460 A2d 358, 360).

This interpretation of the Equitable Distribution Law is consistent with the analogous law of community property. Community property includes property given to both spouses (see *Grant v Grant,* 424 A2d 139, 144 [Me], *supra;* 1 de Funiak, Principles of Community Property [1943 ed], § 1).

Here, although no part of the residence may be considered the separate property of the wife, we conclude that the court's distribution of the residence was proper. The statute grants the trial court wide discretion to distribute the marital property equitably (*Forcucci v Forcucci,* 83 AD2d 169, 171, *supra*). As the trial court noted, equitable distribution is not necessarily equal distribution. In apportioning most of the value of the residence to the wife, the court considered all of the factors listed in the statute. "[O]ther" factors he found to be "just and proper" (Domestic Relations Law, § 236, part B, subd 5, par d, cl [10]), were that the transfer was motivated by the desire of the parents to benefit primarily the wife and that the husband had made only a limited economic contribution to the property. These factors and the fact that the separation closely followed the transfer make it equitable that the wife receive the major share of the property and that the husband's share be limited to the contributions he made toward the repayment of the mortgage and home improvement loan.

Accordingly, the judgment appealed from should be affirmed.

DILLON, P. J., DOERR, O'DONNELL and SCHNEPP, JJ., concur.

Judgment unanimously affirmed, with costs.