◼ RICHARD A. PARSONS, Respondent, v BETTY L. PARSONS, Appellant. — Case held, decision reserved, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: At the time of the marriage of the parties herein in 1972, they occupied a residence owned by defendant. In 1975, the property being in need of repair, the parties obtained a home improvement loan of $10,000; of this amount $7,000 was used to make improvements on the residence. In 1978, feeling that further improvements on the home were needed, the parties obtained a mortgage loan in the amount of $32,000. In order to obtain this mortgage, the lending institution required that title to the property be in the names of both of the borrowers. Repayment of the loan obligations, both the home improvement loan and the mortgage, was provided for by the weekly deduction of $119 from plaintiff's earnings, although both parties were responsible for the loans. Defendant executed a deed to the real property from herself to her and plaintiff as tenants by the entirety. The record discloses that from the proceeds of the mortgage loan some $12,000 was expended for repayment of obligations not necessarily connected with the improvement of the home, some of which may or may not have been joint obligations. ¶ The court below refused to impose a constructive trust on the marital residence in favor of defendant, a determination with which we agree. An award for maintenance and attorney fees was made in favor of defendant, after which the court determined that the residence be sold, that various loans be paid and the remaining proceeds be divided equally between the parties. On the record before us we are unable to determine whether the distribution of that part of the marital property represented by the house which, at the time of trial, had an estimated value of $65,000-$70,000, was, in fact, equitable. ¶ While the real property owned by defendant at the time of the marriage was clearly her separate property, the 1978 conveyance by defendant to herself and plaintiff made the property marital property (Domestic Relations Law, § 236, part B, subd 1, par c).

Defendant may, however, receive a credit for the contribution of her separate property toward the creation of the marital asset (Domestic Relations Law, § 236, part B, subd 5, par d, cl [10]; see *Duffy v Duffy,* 94 AD2d 711). The record is devoid of evidence as to the value of the residence at the time of the 1978 conveyance; therefore, it is impossible to determine the amount of her contribution. Also, although plaintiff made the payments on the home improvement and mortgage loans, it appears that much of the proceeds of the loans was spent on things other than the residence. He also apparently did some renovation work on the home for which he could receive credit but the value of this work does not appear in this record. Assessment of the relative contributions of each party cannot be made on this record. We remit for further proof, new findings, and equitable distribution of the marital property in accordance with the statutory criteria (Domestic Relations Law, § 236, part B, subd 5, par d). ¶ Thereafter, the award of maintenance and counsel fees may also be reviewed in light of the distribution of marital property (Domestic Relations Law, § 236, part B, subd 6, par a, cl [1]; § 237). (Appeal from judgment of Supreme Court, Monroe County, Patlow, J. — partition.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.