OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, to reinstate the trial court’s determination valuing defendant’s dental practice at $178,500 and, as so modified, it should be affirmed, and the case remitted to Supreme Court for the entry of an amended judgment in accordance with this memorandum.
The Appellate Division’s reliance on the testimony of defendant’s expert in determining the value of defendant’s dental practice was erroneous, and constituted an abuse of discretion, *1034 because that witness was admittedly unfamiliar with the criteria for assessing the value of this type of professional practice, and needed to review certain background materials and case law before expressing an opinion as to the correct valuation factor to use. Defendant’s counsel indicated that he would recall the witness after that review had been made, but no further testimony was ever offered. The $100,000 figure testified to by the witness was wholly speculative, therefore. Moreover, in relying solely on that figure the Appellate Division also failed to take into account the value of the tangible assets of the practice. Accordingly, the weight of the evidence more nearly comports with the determination of the trial court and we reinstate its finding regarding the value of defendant’s practice.
We reach a different conclusion, however, with respect to plaintiff’s claim that the Appellate Division should not have reduced her share of the value of the practice from approximately 50% to 25%. Although plaintiff’s contributions as a homemaker are indeed worthy of full consideration (see, Domestic Relations Law § 236 [B] [5] [d] [6]), there is no requirement that the distribution of each item of marital property be on an equal or 50-50 basis (see, Ackley v Ackley, 100 AD2d 153, 156; Rodgers v Rodgers, 98 AD2d 386, 390-391; Matter of Ward v Ward, 94 AD2d 908, 909). The Appellate Division did not abuse its discretion, therefore, in taking account of the modest nature of plaintiff’s contributions to the dental practice. When it is considered that plaintiff has also received an award of maintenance, medical expenses, insurance benefits and the more valuable of the two homes owned by the parties, the distribution cannot be said to be inequitable as a matter of law. There is, therefore, no issue for this court to review (cf. Patron v Patron, 40 NY2d 582).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, with costs to plaintiff, and case remitted to Supreme Court, Onondaga County, for entry of an amended judgment, in accordance with the memorandum herein and, as so modified, affirmed.