■ RICHARD A. PARSONS, Appellant-Respondent, v BETTY L. PARSONS, Respondent-Appellant.—Judgment and modified judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The parties were married in 1972 and thereafter occupied a residence owned by defendant. Desiring to make improvements on the house, the parties in 1978 obtained a bank mortgage loan in the amount of $32,000. In order to obtain this mortgage, the bank required that title to the property be in the names of both borrowers, and defendant executed a deed to the real property to herself and plaintiff as

tenants by the entirety. The record discloses that only part of the loan proceeds obtained by the parties was used in connection with improving the marital residence.

Upon the divorce of the parties in 1983, the court distributed the marital property by determining that the marital residence be sold, that various loans be paid and that the remaining proceeds of the sale be divided equally between the parties. Upon a prior appeal by defendant from that judgment, we found that the record was inadequate to make a determination as to whether the distribution of that part of the marital property represented by the house was, in fact, equitable. "While the real property owned by defendant at the time of the marriage was clearly her separate property, the 1978 conveyance by defendant to herself and plaintiff made the property marital property (Domestic Relations Law, § 236, part B, subd 1, par c). Defendant may, however, receive a credit for the contribution of her separate property toward the creation of the marital asset (Domestic Relations Law, § 236, part B, subd 5, par d, cl [10]; see Duffy v Duffy, 94 AD2d 711). The record is devoid of evidence as to the value of the residence at the time of the 1978 conveyance; therefore, it is impossible to determine the amount of her contribution" (Parsons v Parsons, 101 AD2d 1017, 1017-1018). We remitted the matter for further proceedings.

On remittitur, the parties stipulated to the accuracy of an appraisal of the real property and to the correctness of closing statements utilized in a subsequent sale of the property. No other proof on value of the property was offered by either party.

The court found that the value of the real property in 1978 when defendant conveyed the property to herself and her husband was $60,000, and that she is entitled to a credit of that amount toward her share of the marital residence. This is in accord with our prior decision. The court also found that the expenditure of time, effort and money by the parties did not materially increase the value of the property. The report of the appraiser, to which the parties stipulated, ascribed any increase in the value of the property to its favorable location in relation to recently developed residential sites and to the Rochester metropolitan area. The record also establishes that in 1984 the property was sold by the parties for $90,900. Thus, the value of the property available for distribution was $30,900.

The court assessed expenses connected with the sale of the

property, the payment of the mortgage balance along with another small marital debt, equally against each party's share of the available marital property. The distribution thus effected leaves a negative impact on each party. The court found that defendant is entitled to the entire net proceeds of the sale of the house and, although this amounts to less than the contribution of her separate property to the marital asset, she is not entitled to be reimbursed for what amounts to an excess contribution by her. We agree. We also agree with the court's finding that plaintiff is responsible for the repayment of the balance of the home improvement loan, which is not large.

Both parties appeal from the modified judgment, which necessarily brings up matters not previously ruled upon in the prior appeal, specifically the award of maintenance and counsel fees.

The court awarded the sum of $600 to defendant for counsel fees and $125 per week maintenance to be paid by plaintiff to defendant. Addressing, first, the award of counsel fees, it is noted that the fee submitted by defendant's attorney was for some $2,300. Under the original judgment in which the parties were substantially to share the proceeds of the sale of the real property equally, the assessment of $600 to plaintiff of defendant's counsel fees was low. However, under the modified judgment, plaintiff receives nothing from the sale of the property except release from various marital obligations, and has an additional debt still to be paid. Under the circumstances, the award of counsel fees is adequate and we affirm that award.

For the same reason, we modify the award of maintenance of $125 per week. Defendant claims to have terminated her employment because of ill health. Her application for Social Security disability benefits was denied. She indicated that she would have the ability to work part time. Since this was a relatively short-term marriage and, under the modified judgment, defendant has substantially recouped the principal asset she brought to the marriage, we modify the award of maintenance to $85 per week. (Resubmission of appeal from judgment of Supreme Court, Monroe County, and appeals from modified judgment, Patlow, J.—equitable distribution.) Present —Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.