■ THOMAS J. COFFEY, Appellant-Respondent, v ROSE M. COFFEY, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), entered November 9, 1984, as (a) awarded the defendant wife an equal share of the proceeds of six certificates of deposit as marital property, (b) directed that upon the graduation from high school or the attainment of the age of 18 years of the parties' youngest child, the marital residence be sold, and awarded the wife a one-half share of the proceeds of that sale as marital property, and (c) directed him to pay the wife $160 per week for her maintenance for a period of 66 consecutive months; and (2) the defendant wife cross-appeals, as limited by her notice of appeal and brief, from so much of the same judgment as denied her request for counsel fees.

Judgment modified, on the facts and in the exercise of discretion, by (1) deleting the number "66" from the third decretal paragraph thereof, and substituting therefor the number "36", (2) striking the sixth and eighth decretal paragraphs thereof, (3) deleting from the fifteenth decretal paragraph thereof all the words following the words "Stormville, New York", up to and including the words "whichever is greater", and (4) striking the seventeenth decretal paragraph thereof. As so modified, judgment affirmed, insofar as appealed and cross-appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith to determine (1) the wife's equitable share of the proceeds from the future sale of the marital residence, and (2) the amount of counsel fees, if any, to be awarded to the wife.

The parties were married on May 7, 1966. On July 31, 1970, they moved to Stormville, New York, and resided there until September 14, 1982, when the wife permanently left the marital home. Pursuant to an agreement between the parties, the husband has custody of the four children of the marriage. He and the children continue to occupy the marital residence.

In 1959, the husband began construction of the Stormville home on property then owned by his now-deceased mother. Construction was substantially completed several years prior to the parties' marriage. Shortly after the couple moved into the home, the husband completed the electricity and plumbing connections. The wife played no part in the original construction of the house but did assist with some improvements after the house was occupied.

In February 1972, the husband's mother died. As the sole distributee of her estate, he inherited the home in which she lived, as well as the property upon which the marital home was built. In 1973, the husband conveyed these two properties to himself and his wife as tenants by the entirety. He contends that the conveyance was made to eliminate the wife's estate tax liability in the event he predeceased her. He does acknowledge, however, that at that time it was his intention that they be joint owners of the properties. Several rooms were added to the marital home in 1974. The addition amounted to approximately 25% of the original floor area of the house.

The former home of the husband's deceased mother was destroyed by fire in 1978. With funds realized from an insurance settlement and the sale of the land, six $10,000 certificates of deposit were purchased and registered in the names of both parties.

Prior to the parties' marriage, the wife had been working for an insurance company, but terminated her employment when she became pregnant with the couple's first child. Other than some typing and bookkeeping for the husband's business, she concentrated her efforts on being a homemaker and parent. Since her departure from the family home, she has worked as a salesperson, earning approximately $150 per week. Although she has taken a bookkeeping course, the wife estimated that she will require two or three more years of education before she will be able to secure employment in that field.

In 1982, the wife commenced an action for separation. After the husband initiated the instant divorce proceeding in 1983,

the wife sought to discontinue her action. A judgment of divorce was entered on April 24, 1984. The wife sought equitable distribution of the marital residence and the six certificates of deposit. Special Term found that the house, although originally the husband's separate property as "property acquired by * * * descent" (Domestic Relations Law § 236 [B] [1] [d] [1]), became marital property upon the husband's conveyance of it to himself and his wife as tenants by the entirety. The certificates of deposit were likewise determined to be marital property because they were purchased with funds derived from the former residence of the husband's mother which had also been conveyed by the husband to himself and his wife. The court then determined that these and other assets should be divided equally between the parties.

We agree with Special Term insofar as it determined that the marital residence and certificates of deposit were marital property (see, Domestic Relations Law § 236 [B] [1] [c]). The husband's conveyance of his real property to himself and his wife, and the registration of the certificates of deposit in both their names, evidenced an intention that the wife have an ownership interest in these assets (see, Parsons v Parsons, 101 AD2d 1017; cf. Ackley v Ackley, 100 AD2d 153, lv dismissed 63 NY2d 772). However, we disagree with the court's conclusion that under the facts of this case the wife is entitled to an equal share of these assets.

At the outset, it is important to note that there is no requirement that the distribution of each item of marital property be on an equal basis (see, Arvantides v Arvantides, 64 NY2d 1033, 1034; Parsons v Parsons, supra; Ackley v Ackley, supra; Rodgers v Rodgers, 98 AD2d 386, 390-391, appeal dismissed 62 NY2d 646). Rather, property acquired during the marriage should be distributed "in a manner which reflects the individual needs and circumstances of the parties" (mem of Governor Carey, 1980 McKinney's Session Laws of NY, at 1863). To this end, courts possess the flexibility required to mold a decree appropriate to a given situation, with fairness being the ultimate goal (see, Rodgers v Rodgers, supra, at p 391).

In accordance with these principles, in the case at bar, the husband should receive a credit for the contribution of his separate property toward the creation of the marital assets (see, Parsons v Parsons, supra; Duffy v Duffy, 94 AD2d 711; Domestic Relations Law § 236 [B] [5] [d] [10]). However, since the record is devoid of evidence of the value of the marital residence at the time of the 1973 conveyance and the increase

in its value attributable to the 1974 addition, the matter must be remitted for further proof and new findings so that the marital residence may be equitably distributed. In determining the proper award, the wife shall be entitled to one half of the increase in the current value of the house due to the 1974 addition. She shall also be entitled to one half of the appreciation in the value of the original structure attributable to her efforts as homemaker and parent (cf. Price v Price, 113 AD2d 299; Nolan v Nolan, 107 AD2d 190, 193).

With respect to the six certificates of deposit, while they were purchased with funds derived from marital property (the former residence of the husband's mother which the husband had conveyed to himself and his wife as tenants by the entirety), the husband must be credited with the creation of that marital asset (see, Parsons v Parsons, supra; Duffy v Duffy, supra) and must also, therefore, receive a 100% credit for the acquisition of the certificates of deposit. Thus, the wife is entitled to none of the principal from the certificates. However, because the interest realized from the certificates of deposit was customarily used for household and other expenses, we leave undisturbed Special Term's award to the wife of one half of the interest earned upon the certificates.

Furthermore, under the facts of this case, Special Term's award of maintenance to the wife for a period of 66 months was excessive in duration. By her own estimate, she will be able to secure more remunerative employment within two to three years. We therefore reduce the period during which she shall receive maintenance payments to 36 months.

Finally, we note that one of the reasons that the wife's application for counsel fees was denied was because, in the court's view, the amount of her equitable distribution award would be sufficient to satisfy her legal expenses. In light of our modification of this award, the application should be reconsidered after her equitable share of the marital residence is determined. Any award of counsel fees shall take into consideration the value of the services rendered on behalf of the wife and the circumstances of the respective parties (see, Domestic Relations Law § 237 [a]). Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.