■ CHRISTOPHER T. MONKS, Appellant, v LORNA R. MONKS, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Abrams, J.), dated July 10, 1986, as awarded the defendant wife a 50% interest in the proceeds of the sale of the marital residence and a 45% interest in the proceeds of the sale of other real property and which awarded the defendant wife counsel fees and disbursements in the aggregate sum of $3,105.

Ordered that the judgment is modified, by deleting subdivision 3 of the second decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith to determine (1) the value of the real properties in issue at the time of their conveyance to the parties as tenants by the entirety and (2) the wife's equitable share of the proceeds from the future sale of these properties.

The parties were married on August 25, 1979. In April 1984 the plaintiff husband commenced the instant action for divorce on the grounds of constructive abandonment and cruel and inhuman treatment. The defendant wife subsequently interposed a counterclaim for a divorce on the ground of the plaintiff's cruel and inhuman treatment.

At the time of the commencement of the trial the parties were the owners of two homes, both of which were located in Suffolk County. The plaintiff, a 35-year-old carpenter, had purchased these properties prior to his marriage to the defendant. In October 1979 after the parties had been married for approximately two months, the plaintiff who was originally listed on the deed as sole owner of the premises, transferred title to himself and his wife as tenants by the entirety. He testified at the trial that the conveyance was made in order to facilitate the transfer of the properties to his wife in the event that he predeceased her. He additionally stated, however, that the conveyance was not intended to be a gift of the properties to his wife. In fact, the defendant had not even been made aware of the transfer.

One of the properties in question, a house on Jackson Avenue in Huntington had been purchased by the plaintiff in February of 1979 with a $1,000 down payment, and was utilized as rental property. The premises were subject to a $34,000 mortgage and the monthly mortgage payments were remitted by the plaintiff. He also paid the real estate taxes and performed all necessary repairs on the house.

The other property in issue is a house on Oakwood Avenue, also in Huntington, which had been purchased by the plaintiff in June of 1979. This property was utilized by the parties as the marital residence. The plaintiff testified that the purchase of this residence was accomplished by way of a $20,000 down payment which was derived from moneys borrowed from the plaintiff's family members. The plaintiff further indicated that he tenders all mortgage payments, pays all real estate taxes, utility bills and other expenses incurred in connection with this house, and that he performs all necessary repairs. In short, the plaintiff alleged that the defendant had made no monetary contribution toward either house.

The trial court in the judgment appealed from, granted the parties a dual divorce and, *inter alia,* directed the sale of the aforementioned properties. The court awarded the defendant wife a 45% interest in the proceeds of the sale of the Jackson Avenue premises and further awarded the wife an equal share of the proceeds of the sale of the marital residence. Counsel fees and disbursements in the aggregate sum of $3,105 were additionally awarded to the defendant. This appeal ensued.

In *Coffey v Coffey* (119 AD2d 620, 622), this court held that a husband's conveyance of his real property to himself and his wife, as tenants by the entirety, "evidenced an intention that

the wife have an ownership interest in [the] assets". We therefore concluded that the assets in issue, which had been placed in the parties' joint names, were properly characterized as marital property, within the meaning of Domestic Relations Law § 236 (B) (1) (c). This court further recognized, however, that "there is no requirement that the distribution of each item of marital property be on an equal or 50-50 basis" *(see, Arvantides v Arvantides,* 64 NY2d 1033, 1034; *Parsons v Parsons,* 101 AD2d 1017, *appeal after remand* 115 AD2d 289; *Ackley v Ackley,* 100 AD2d 153, *lv dismissed* 63 NY2d 605; *Rodgers v Rodgers,* 98 AD2d 386, 390-391, *appeal dismissed* 62 NY2d 646). Accordingly, we ruled that the husband was entitled to receive a credit for the contribution of his separate property toward the creation of the marital assets.

Turning to the facts of the instant case, and mindful of the principles set forth in the *Coffey* decision *(supra),* we conclude that the trial court erred by providing for a nearly equal division of the properties in question. We find that the trial court should have credited the plaintiff husband for the contribution of his separate property toward the creation of the marital assets *(see also, Duffy v Duffy,* 94 AD2d 711). The matter must, therefore, be remitted to the Supreme Court, Suffolk County, for further proceedings to determine the value of the properties at the time of the conveyance to the parties as tenants by the entirety, the current fair market value of the properties and the appreciation in value due to the defendant's contributions or efforts *(see,* Domestic Relations Law § 236 [B] [5] [d] [6]; *Majauskas v Majauskas,* 61 NY2d 481, 489-490). The court shall thereafter render a determination equitably distributing the properties in accordance with the factors set forth in the Domestic Relations Law.

Finally, we find no reason to disturb the court's award of counsel fees and disbursements to the defendant. Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.