■ FELICIA BERRIOS, Respondent, v JOSE M. BERRIOS, Appellant.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered September 2, 1988, which granted plaintiff's motion to confirm the Referee's report and directed defendant to execute the necessary documentation to effectuate the distribution of certain real property to plaintiff, unanimously affirmed, without costs.

The parties were married in 1972 and separated in 1982. In 1980, plaintiff wife was instrumental in establishing a luncheonette and arranging its profitable sale. Thereafter, she was the moving force in pursuing the purchase of at least one of the two multifamily apartment buildings which the couple acquired in 1981 at prices of $250,000 and $284,000, respectively.

Plaintiff subsequently managed both buildings at a profit, while defendant husband operated a furniture store. In March 1983, plaintiff obtained an uncontested judgment of divorce, which decree did not provide for the distribution of the parties' assets. In July of that year, after defendant brought a

separate action for an accounting alleging that the plaintiff was attempting to exclude him from participation in the two properties, the parties entered into a stipulation under which one of the properties was to be managed and controlled by the defendant and the other by the plaintiff. The stipulation expressly recognized that the properties remained jointly owned. While at that time there may have been outstanding bills of several thousand dollars on the property defendant was to manage, thereafter, the financial condition of the property quickly deteriorated.

Defendant failed to pay mortgages thereon after August 1983; a rent strike by tenants protesting lack of services began in late 1983; and a foreclosure action was commenced against the property. Defendant permitted his attorney to arrange a sale of the building for $90,000. During this period, defendant also closed the furniture store he had been operating. This led to a second stipulation of the parties under which the parties agreed that defendant's separate action would be discontinued; this divorce action would be restored for purpose of equitably distributing the marital assets; and the plaintiff consented to the sale of the building defendant had been managing on condition that he receive only 50% of the net sales proceeds and the other half thereof be held in escrow pending resolution of this action. The sale of the building managed by defendant closed and, for reasons which are not apparent from the record, he received the negligible proceeds including those which were to have been held in escrow. There was evidence at the hearing that each of the properties was worth in excess of $1 million as of 1986.

On the reference of this matter, it was reported that the parties had voluntarily distributed their assets and that such distribution was not so onerous that a further or different distribution was now warranted. Further, it was reported that while the furniture store was worthless in mid-1983, it was defendant's poor judgment, unwillingness or inability to make a success of the building he was to manage and his lack of involvement with its sale which accounted for the huge difference in the parties' existing financial situation. The Referee therefore recommended that defendant be required to execute documentation which would effectuate the parties' voluntary distribution of the properties, thereby rejecting defendant's equitable distribution claim in its entirety. As noted, the court confirmed the Referee's report.

The parties' stipulation clearly provided division only of the management, control and use of the marital properties, but

not their ultimate ownership. However, as the Referee also noted, had the marital property been the subject of the equitable distribution at that point in 1983, the wife would properly have received more than half thereof due to her greater financial and parental contributions to the marriage. (Domestic Relations Law § 236 [B] [5] [d] [6].) The record complied in the course of the 1987 hearing amply supports our conclusion that in these circumstances, by "wasteful dissipation of assets" (Domestic Relations Law § 236 [B] [5] [d] [11]) of approximately equal value to the property managed and now to be conveyed to plaintiff, defendant forfeited his equitable distribution share. Concur—Ross, J. P., Carro, Asch and Rubin, JJ.