limited mental capacity as but one factor" *(People v Matthews, supra,* at 274). Here, the record fully supports the suppression court's finding of an effective waiver and, accordingly, defendant's motion to suppress the statements was properly denied. (Appeal from Judgment of Steuben County Court, Finnerty, J. —Sodomy, 1st Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.

■ ROBERT E. RICE et al., Appellants, v JOHN RHODE et al., Respondents.—Judgment unanimously reversed on the law with costs and judgment granted to plaintiffs for relief requested in complaint. Memorandum: The court erred in granting defendants a prescriptive easement over plaintiffs' property because defendants failed to establish use of the right-of-way for the first three years of the prescriptive period. Evidence that unknown third parties used the right-of-way during that time was insufficient to establish the prescriptive easement *(see, Warwick Materials v J.K. Produce Farms,* 111 AD2d 805, 807). (Appeal from Judgment of Supreme Court, Livingston County, Houston, J.—Prescriptive Easement.) Present— Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.

■ ROBERT J. KISH, Appellant, v ROSEANN L. KISH, Respondent. (Appeal No. 1.)—Judgment insofar as appealed from unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court for a hearing, in accordance with the following Memorandum: On appeal from a judgment of divorce ordering plaintiff to pay his wife's additional attorney's fees in the amount of $15,483.76 as well as her accountant's fees and costs and disbursements, plaintiff argues that the court erred in awarding those amounts without the benefit of an evidentiary hearing on the amounts requested and on defendant's ability to pay her own attorney's fees. We agree that the court should have held a hearing with respect to the value of the legal services rendered because plaintiff requested such a hearing *(see, Berge v Berge,* 159 AD2d 960). However, plaintiff made no request for a hearing with respect to the latter two awards, nor did he request a hearing on defendant's ability to pay her own attorney's fees, and thus has failed to preserve those aspects of the court's order for our review. (Appeal from Judgment of Supreme Court, Erie County, Francis, J.—Divorce.) Present— Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.

■ ROBERT J. KISH, Appellant, v ROSEANN L. KISH, Respondent. (Appeal No. 2.)—Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1.], 162 AD2d 1051).

(Appeal from Judgment of Supreme Court, Erie County, Francis, J.—Divorce.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.

■ BRENDA FRANCK, Respondent, v CNY ANESTHESIA GROUP, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff failed to demonstrate an acceptable excuse for her failure to file a note of issue within the 90-day demand period or the existence of a meritorious cause of action, and the motion to dismiss her medical malpractice complaint should have been granted (see, CPLR 3216 [e]; *Walker v Town of Lockport,* 109 AD2d 1102, *affd* 65 NY2d 840; *Young v Tompkins,* 124 AD2d 1061; *MacLeod v Nolte,* 106 AD2d 860). Supreme Court erred in concluding that settlement negotiations with a codefendant well after expiration of the 90-day demand period constituted an acceptable excuse for the failure to file a note of issue (see, *Berna v Monroe Community Coll.,* 91 AD2d 1199). Further, neither the fact that plaintiff filed a note of issue more than a year after service of defendant's demand nor the inconvenience resulting from plaintiff's relocation to Maine shortly after commencement of the action amounts to an acceptable excuse (see, *Scott v Columbia Mem. Hosp.,* 134 AD2d 792; *Young v Tompkins, supra).*

Plaintiff's submission of the hospital records and the letter report of a plastic surgeon was not sufficient to show a meritorious cause of action. These materials describe the events resulting in plaintiff's injury and the nature of that injury, but fail to state whether the injury was caused by a departure from accepted standards of medical care (see, *Fileccia v Massapequa Gen. Hosp.,* 99 AD2d 796, *affd* 63 NY2d 639; *Wind v Cacho,* 111 AD2d 808, *appeal dismissed* 67 NY2d 871; *Nelson v Eastman Dental Center,* 85 AD2d 887). (Appeal from Order of Supreme Court, Onondaga County, Miller, J.—Dismiss Complaint.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.

■ FRANK DENI et al., Appellants, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA et al., Respondents.—Order unanimously affirmed without costs. Memorandum: Defendants' motion for summary judgment dismissing the complaint was properly granted. Defendants met their initial burden of demonstrating entitlement to judgment in their favor as a matter of law by the tender of evidence in admissible form which established that plaintiff Frank Deni's property had no compensable value at the time it was destroyed by