■ GEORGE E. BAKER, Appellant, v PATRICIA R. BAKER, Respondent.—Mercure, J. Appeal from that part of a judgment of the Supreme Court (Klein, J.H.O.) ordering equitable distribution of the parties' marital property, entered May 21, 1991 in Ulster County, upon a decision of the court.

Plaintiff and defendant were married in 1983. Following the marriage, defendant caused title to a residence which she had owned for 10 years prior to marriage at 404 South Ohioville Road, New Paltz, Ulster County, to be placed in the names of the parties jointly. Moreover, the parties jointly purchased an additional house at 406 South Ohioville Road to be used as rental-income property. Plaintiff commenced this action in 1988 seeking a judgment of divorce and equitable distribution, and defendant counterclaimed for divorce. Eventually, the parties stipulated in open court to resolve all issues themselves except those relating to equitable distribution of the two South Ohioville Road properties. The stipulation provided: "the issue of equitable distribution of the real property of the parties located at 404 South Ohioville Road and 406 South Ohioville Road shall be as determined by the trial court. * * * the parties have heretofore divided all other separate and marital property to their mutual satisfaction and waive their respective rights to a court determination of any and all other issues". Following trial, Supreme Court granted a judgment of reciprocal divorce and directed plaintiff to convey his interest in the two properties to defendant in exchange for $5,000. Plaintiff now appeals.

Initially, we reject plaintiff's contention that Supreme Court disregarded the parties' stipulation. In our view, even though evidence that plaintiff dissipated marital funds and defendant had to cover plaintiff's gambling debts had no relationship to the value of the real property, it was properly considered by Supreme Court *(see, Lenczycki v Lenczycki,* 152 AD2d 621, 624). While the parties limited the marital property to be equitably distributed, the wasteful dissipation of assets by either spouse is an express factor which must be considered in

making an award of equitable distribution *(see,* Domestic Relations Law § 236 [B] [5] [d] [11]; *Goldberg v Goldberg,* 172 AD2d 316, 317, *lv dismissed* 78 NY2d 1124; *Willis v Willis,* 107 AD2d 867, 868; *Blickstein v Blickstein,* 99 AD2d 287, 293).

There is merit, however, to plaintiff's contention that absent value testimony, the judgment, insofar as it determines the property rights of the parties, cannot stand. On the record before us, we are unable to determine whether the distribution of the two properties was, in fact, equitable *(see, Michalek v Michalek,* 180 AD2d 890, 891; *Otto v Otto,* 150 AD2d 57, 61; *Cassano v Cassano,* 111 AD2d 208, 209-210). Because the record is devoid of evidence of the value of (1) the marital residence at the time defendant conveyed it to herself and plaintiff, and (2) the marital residence and the rental-income property at the time this action was commenced, the matter must be remitted for further proof and new findings so that the property may be equitably distributed *(see, Coffey v Coffey,* 119 AD2d 620, 622-623; *Parsons v Parsons,* 101 AD2d 1017, 1018; *D'Amato v D'Amato,* 96 AD2d 849, 850).

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by deleting the third, fourth and fifth decretal paragraphs thereof; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.