■ DONALD C. FABRICIUS, Appellant-Respondent, v PATRICIA H. FABRICIUS, Respondent-Appellant. [605 NYS2d 415] —Mikoll, J. Cross appeals from a judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered October 22, 1991 in Chenango County, upon a decision of the court.

The parties married on January 8, 1983 in Chenango County and had one child, Elizabeth, born June 20, 1983. Plaintiff left defendant and moved out of the marital residence on April 25, 1990. On May 25, 1990, plaintiff commenced the instant action seeking a divorce and equitable distribution. Defendant answered and counterclaimed for divorce. Subsequently, the parties agreed to mutual divorces and to resolve issues of equitable distribution, maintenance and child custody at a nonjury trial. Following trial, Supreme Court made findings of fact and issued a judgment of divorce ordering, *inter alia,* distribution of marital property, an award of $800 per month maintenance to defendant for five years, and the payment by plaintiff of defendant's counsel fees and

disbursements in the sum of $8,500. Plaintiff and defendant both appeal.

The judgment should be modified by reversing so much thereof as ordered payment of $9,425 for the adjustment of the equitable distribution of marital property and the payment of $31,400 as reimbursement for separate property. In addition, Supreme Court erred in failing to include a bedroom set as separate property and in failing to credit to plaintiff the value of a 1985 Dodge truck. The matter must, therefore, be remitted to Supreme Court for further proceedings.

Plaintiff's claim that certain determinations made by Supreme Court involving the division of property between the spouses were incorrect has merit. Supreme Court, however, did not err by undervaluing plaintiff's claimed excess investment of his separate property in the purchase of the Jericho Farm Inn by $7,000. Supreme Court valued plaintiff's separate interest at $25,000 and defendant's interest at $23,000. The evidence indicates that defendant contributed $21,500 to the purchase of the Jericho Farm Inn. There is no evidence of the source of the $1,500 plaintiff gave defendant to pay off her mortgage or of the source of the additional $2,000 plaintiff asserts he provided toward the purchase of his former wife's interest in the Jericho Farm Inn. Thus, this $3,500 cannot be added to plaintiff's $25,000 to increase the value of his separate interest in the Jericho Farm Inn to $28,500. Accordingly, plaintiff is not entitled to the additional sum of $7,000 that he claims should be his separate property.

Plaintiff's second claim, that he should be credited with the sum of $14,111 representing separate property he received from his mother through inheritance which he then invested in the purchase of the River Road farm acquired in October 1988, is supported by documentary evidence and he should have been so credited (see, Domestic Relations Law § 236 [B] [1] [d] [1]). Plaintiff testified that as part of the financing of the acquisition of the River Road farm, it was necessary for him to invest $50,000 in improvements to that property. He stated that he obtained such money from a pension fund with a former employer in the sum of $20,642, a taxable contribution plan in the sum of $7,031, an older pension plan in the sum of $7,315, and $14,111 in inheritance money from his mother. There was no evidence contradicting plaintiff's claims, nor any testimony except his that he used these funds toward the $50,000 invested in the River Road farm. Supreme Court allowed him credit for only his pension money invested in the River Road farm, in the sum of $31,400, and ordered defen-

dant to reimburse him that amount. The $14,111 inheritance money should be added to the $31,400 that Supreme Court ordered defendant to reimburse plaintiff.

Plaintiff's next claim, that Supreme Court erroneously held that his interest in Binghamton Simulator, a closely held corporation created by plaintiff, was marital property, is without merit. Binghamton Simulator was created during the parties' marriage before the execution of a formal separation agreement or commencement of a divorce action and is marital property (see, Domestic Relations Law § 236 [B] [1] [c]; *Pacifico v Pacifico*, 101 AD2d 709, 710). Moreover, it was inextricably intertwined with a branch of its predecessor business, Intellisys, Inc., and its formation is derived from plaintiff's efforts in Intellisys, Inc. during the marriage.

Plaintiff's fourth claim, that Supreme Court erred in concluding the additional $21,000 received by plaintiff on the sale of the Jericho Farm Inn for renovations completed by him to be marital property, is rejected. There is no substantiation of plaintiff's claim that the $21,000 represented improvements on the property necessary to secure the bank loan wanted by the purchaser, nor is there evidence to substantiate the value of the improvements, the source of the funds or the necessity for the improvements. Supreme Court properly refused to find this sum to be plaintiff's separate property (cf., *Parsons v Parsons*, 101 AD2d 1017, 1018).

Plaintiff's argument that Supreme Court erroneously failed to credit him $9,000 for a 1982 Renault automobile he purchased prior to the marriage was properly rejected for lack of evidence of its value. Plaintiff's claim that the Ethan Allen maple bedroom set inherited by him from his mother should be included in the property to be returned to him by defendant is, however, well taken. It is separate property under Domestic Relations Law § 236 (B) (1) (d) (1). Supreme Court apparently failed to include this item in its determination.

Plaintiff's contention that Supreme Court erred in failing to set off certain marital debts against the $30,800 the court credited plaintiff with having received in marital income is without merit. The record contains no evidence that the $30,800 representing deferred compensation proceeds were, in fact, used to pay marital debts (see, *Bartal v Bartal*, 117 AD2d 698, 699; *Reiner v Reiner*, 100 AD2d 872, 874-875).

Plaintiff's contention that Supreme Court erroneously failed to consider the substantial debt owed on the 1985 Dodge truck, purchased during the marriage and thus a marital

asset, and in crediting it to him at a value of $4,000 has merit. There is a lack of evidence of the truck's current value and of the amount of the debt then owed. Although Supreme Court has discretion to refuse to take into account marital debts in valuing marital property where the debt is unproven (see, supra), its failure to articulate its reason for not recognizing the alleged debt prevents intelligent judicial review. The matter should therefore be remitted to Supreme Court for determination of the value of this truck.

We find no abuse of discretion in Supreme Court's award of $800 maintenance per month to defendant for a five-year period or in its direction that defendant pay plaintiff the sum of $31,400, representing plaintiff's separate property interest in the River Road farm, without interest upon the sale of the property within five years. Defendant needed time to sharpen her work skills and to obtain retraining before entering the work force. Trial courts are afforded broad discretion in awarding maintenance which will meet the needs of a spouse based on economic need and the ability to pay (see, Pacifico v Pacifico, 101 AD2d 709, 710, supra). Defendant was, at the time of trial, 44 years old, caring for the parties' then eight-year-old daughter, had been out of the work force for about eight years and was lacking in the job skills necessary to reenter the work force as a secretary without additional training.

Finally, we have examined both plaintiff's and defendant's arguments that Supreme Court erroneously ordered plaintiff to pay the sum of $8,500 to defendant for counsel fees and disbursements and find no reason to disturb the award. Defendant's contention that such award was wholly inadequate was not developed in the record. The affidavit by her attorney does not provide sufficient details as to the work performed, who did it or the hourly rate charged. Defendant also testified that her attorney's request for $31,657.10 for fees and disbursements was excessive. Defendant has not shown that a larger sum should be awarded for counsel fees and disbursements or that plaintiff is capable of paying additional fees. Plaintiff failed to object to or request a hearing on the submissions of defendant's attorney pertaining to the reasonableness of the fees and disbursements (see, Hogan v Hogan, 194 AD2d 520; Osborn v Osborn, 144 AD2d 350, 352) and, consequently, plaintiff has waived the right to contest that factual issue on appeal (see, Kish v Kish, 175 AD2d 604).

Weiss, P. J., Yesawich Jr., Crew III and Cardona, JJ., concur. Ordered that the judgment is modified, on the law,

without costs, by reversing so much thereof as directed payment of $9,425 for the adjustment of the equitable distribution of marital property and the payment of $31,400 as reimbursement for separate property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.