■ MILO E. SCHUMACHER III, Respondent, v VIRGINIA E. JACQUES, Appellant. [623 NYS2d 303] —In a matrimonial action, the former wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Stark, J.), dated August 11, 1992, which, after a nonjury trial, *inter alia,* directed that the former marital residence be sold and directed that the contents of the former marital residence be divided equally between the parties.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Under the facts of this case, it was not an improvident exercise of the Supreme Court's discretion to direct the sale of the former marital residence and to equally distribute the remaining marital property. The Supreme Court properly considered the duration of the marriage, the economic positions of the former husband and former wife, and their respective contributions to the marriage. While there is no requirement that the distribution of marital property be equal *(see, Arvantides v Arvantides,* 64 NY2d 1033), the Supreme Court, by giving due regard to the enumerated statutory factors *(see,* Domestic Relations Law § 236 [B] [5] [d]), achieved a fair and equitable distribution of the marital property in this case. Balletta, J. P., Thompson, Joy and Florio, JJ., concur.