■ GARRY STRANG, Respondent, v PAULA STRANG, Appellant. [635 NYS2d 786] —Spain, J. Appeal from a judgment of the Supreme Court (Torraca, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered May 18, 1994 in Ulster County, upon a decision of the court.

The parties to this action were married in 1968 and have five children, two of whom are now emancipated. The remaining children, one in college and two in high school, reside with plaintiff. At the time of their marriage, plaintiff was in the Air Force and defendant, a college graduate, left her teaching position to join him. Upon plaintiff's discharge, the parties returned to Ulster County where plaintiff began working for his present employer. In 1971 they purchased a home which was later sold when they purchased the marital residence. Plaintiff was the primary wage earner throughout the 23-year marriage and, at the time of trial, was earning an annual salary of $52,000. During the course of the marriage, defendant, who generally remained at home in the role of traditional homemaker, held various short-term, part-time jobs including a substitute teacher, a part-time nursery school director, an income tax return preparer for H&R Block and, as of the time of trial, a newspaper deliverer earning $35 per week.

The marital residence was purchased with the proceeds of the sale of the first home and a $10,000 loan from defendant's father, who in 1984 allegedly forgave the debt in lieu of a $10,000 gift to defendant. In 1986 defendant's father died leaving her an inheritance totaling approximately $91,000, about $55,000 of which was cash which she deposited into a money market account in her name only; part of her inheritance was paid in the form of a debt forgiveness of $25,000 in loans which included a $16,200 debt arising out of a loan from defendant's father which was used to pay off a bank loan on their motor home. Defendant also inherited a mortgage assignment totaling approximately $14,000; upwards of one half of the monthly installment payments were deposited in her money market account and the balance was used to pay household expenses or deposited in the parties' joint bank account. Throughout the remainder of the marriage, defendant asserts that she withdrew upwards of $8,900 from her money market account for home improvements at the marital residence, including a new driveway, a swimming pool and a new septic system. Dur-

ing the marriage the parties purchased two separate investment properties, taking title in both their names, one which was financed by a bank mortgage and a $24,000 down payment from defendant's money market inheritance fund, and the other which was financed by a bank mortgage and a down payment from a home equity loan on the marital residence. At the time of trial both properties were in foreclosure.

This action was commenced in 1992. A nonjury trial was held in 1993 which was limited to the issues of the divorce and exclusive possession of the marital residence. In 1994 a separate trial was held with respect to the remaining issues of equitable distribution, child support, spousal maintenance and counsel fees. Supreme Court, in a judgment dated May 12, 1994, granted plaintiff a divorce grounded on defendant's cruel and inhuman treatment and resolved the remaining issues as follows: (1) defendant's interest in the marital residence and its contents to be conveyed to plaintiff in return for $14,120 representing one half of the equity therein, (2) plaintiff to pay spousal maintenance in the amount of $100 per week to terminate on June 30, 1995 or sooner, if defendant obtains full-time employment or remarries, (3) possession and title to the 1989 Lincoln Town Car to plaintiff, and (4) possession of the 1989 Ford Aerostar van and the motor home to defendant. Supreme Court held both parties responsible for their respective counsel fees. Defendant appeals, claiming that Supreme Court erred in its determination on separate property, spousal support and counsel fees.

Defendant's contention that she was not adequately compensated for the value of her separate property has some merit. However, we reject her claim that she should have been credited for the $10,000 down payment on the marital residence; she argues that it was a gift from her father and, thus, separate property. Defendant's assertion is undermined by the fact that the loan was not made to defendant alone. A gift to a husband and wife from the parents of one party is treated as marital property for the purpose of equitable distribution (*see, Ackley v Ackley*, 100 AD2d 153, 155-156, *lv dismissed* 63 NY2d 605); only when a gift is made to one spouse will it be deemed separate property (*supra*). Defendant, in her own testimony, revealed that the $10,000 gift was used "to pay off the loan that [her father] had given *us* when *we* bought the house" (emphasis supplied). Since the "gift" was used to satisfy a joint debt, it was properly treated as marital property (*see, Icart v Icart*, 186 AD2d 918, 919). The mere fact that money was not actually deposited into a joint account and then used to pay off a joint

debt is immaterial, since the debt forgiveness operated in the same practical matter, i.e., a joint debt arose which was later paid through forgiveness.

In contrast, defendant's assertion that $8,900 in home improvements to the marital residence were funded through her inheritance money and should have been credited to her has merit. It is well settled that inheritance funds received by a party as separate property and retained as separate property must be treated as separate property (see, *Alaimo v Alaimo*, 199 AD2d 1039; *Fabricius v Fabricius*, 199 AD2d 695; *Coffey v Coffey*, 119 AD2d 620; *compare*, *Di Nardo v Di Nardo*, 144 AD2d 906). Here, since defendant maintained a separate money market account for her inheritance funds, the inheritance funds did not convert to marital property (see, *Glazer v Glazer*, 190 AD2d 951, 953; *Di Nardo v Di Nardo, supra*, at 907; *Lischynsky v Lischynsky*, 120 AD2d 824, 826-827). Supreme Court committed reversible error in its refusal to consider defendant's documentary evidence to support these alleged payments and to allow defendant an opportunity to fully cross-examine plaintiff with respect to said payments.

Defendant further contends that the property distribution award was inequitable due to Supreme Court's failure to consider the following statutory factors: (1) the income and property of each party, (2) the duration of the marriage, (3) defendant's reduced award of maintenance, (4) defendant's direct and indirect contributions, (5) the future financial circumstances of each party, and (6) plaintiff's wasteful dissipation of assets. Courts are not mandated to distribute marital property on an equal basis (see, *Arvantides v Arvantides*, 64 NY2d 1033, 1034); rather, marital property is distributed in light of the needs and circumstances of the parties (see, *Coffey v Coffey, supra*, at 622). As such, courts have granted unequal distributive awards where warranted by advanced age (see, *Kabat v Kabat*, 193 AD2d 582) and limited earning potential (see, *Cavaretta v Cavaretta*, 127 AD2d 1002). However, where both spouses contribute equally to a marriage of long duration, a division of marital assets should be made that is as equal as possible (see, *Miller v Miller*, 128 AD2d 844, 845).

Supreme Court properly weighed the duration of the marriage, defendant's advanced age and earning capability in making its determination; however, it did fail to consider the alleged wasteful dissipation of marital assets by plaintiff. Where the wasteful dissipation of assets can be traced to a party's poor judgment, unwillingness or inability to manage, that portion of the amount dissipated must be charged against said

party's equitable share (*see, Lenczycki v Lenczycki*, 152 AD2d 621, 624), even when such dissipation results in foreclosure (*see, Berrios v Berrios*, 159 AD2d 401, 402-403). Furthermore, even when dissipated funds have no relationship to the value of real property, the wasteful dissipation of assets must be considered in making an award of equitable distribution (*see, Baker v Baker*, 188 AD2d 710, 710-711). However, although Supreme Court erred in failing to determine whether plaintiff did in fact wastefully dissipate the parties' marital assets, our review of the record (*see, Majauskas v Majauskas*, 61 NY2d 481, 493-494) reveals that defendant failed to meet her burden of proof (*see, Reidy v Reidy*, 136 AD2d 614, 615). Accordingly, Supreme Court's failure to determine this issue is of harmless dimension.

We reject defendant's contention that Supreme Court's qualified award of maintenance of $100 per week was inadequate given the duration of the marriage, defendant's advanced age and impaired earning capability. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (*see, Wilner v Wilner*, 192 AD2d 524, 525). "In making an award, consideration must be given to certain statutory factors, including (1) the length of the marriage, (2) the relative financial positions of the parties, (3) the parties' future earning capacity, and (4) the presence of children in the parties' respective lives" (*Glazer v Glazer*, 190 AD2d 951, 953; *see*, Domestic Relations Law § 236 [B] [6] [a]).

On the issue of defendant's employability, the independent court-appointed psychologist testified that there was no reason, psychological or otherwise, to find defendant unemployable. On cross-examination, he did concede that the basis for his determination was defendant's prior history of part-time employment. In rebuttal, defendant offered the testimony of her counselor, who concluded that, due to defendant's chronic depression, she was not employable full time. Notably, defendant's supervisor while she was employed at H&R Block testified that defendant "was a good employee". In light of the well-established principle that the weight to be attributed to expert testimony is left to the trier of fact (*see, Wilbur v Wilbur*, 116 AD2d 953, 953-954), it was within Supreme Court's discretion to weigh the independent psychologist's testimony more heavily and determine defendant to be employable. Moreover, although defendant's working history was sporadic, she does have a college degree and has held various responsible positions, albeit in a part-time capacity; her work history and education demonstrate that she possesses skills and training

which will enable her to compete in today's job market. Furthermore, since defendant's counselor indicated that she would be employable on a full-time basis in one to two years, the parameters set on the maintenance award were also appropriate.

We are also of the view that Supreme Court did not abuse its discretion in failing to award defendant counsel fees. Domestic Relations Law § 237 (a) empowers courts to direct one spouse to pay the reasonable counsel fees of the other. Whether counsel fees should be awarded is left to the sound discretion of Supreme Court (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Vicinanzo v Vicinanzo*, 193 AD2d 962, 966). Although the disparity between the parties' salaries is substantial, Supreme Court properly weighed plaintiff's continuing responsibility for the unemancipated children, the duration of the litigation which was protracted by defendant (*see, De Bernardo v De Bernardo*, 180 AD2d 500, 502) and the financial circumstances of both parties, including plaintiff's assumption of all marital debt. As such, Supreme Court did not abuse its discretion in failing to award defendant counsel fees.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as determined that defendant is not entitled to a $8,900 credit as separate property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.