■ MADELINE CIULLA, Appellant, v PIETRO CIULLA, Respondent. [655 NYS2d 632] —In an action for a divorce and ancillary relief, the plaintiff former wife appeals (1) from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered July 31, 1995, as, inter alia, awarded the defendant former husband $40,000 from the proceeds of the sale of the marital residence, and (2) from so much of an order of the same court entered November 29, 1995, as denied that branch of her motion which was to amend the judgment so as to add a provision directing the defendant to contribute towards the parties' son's medical expenses.

Ordered that the judgment is modified, on the law, by adding thereto a provision that after payment of the marital debts, taxes, and payments to bring the mortgage current as provided for in the court's decision dated January 20, 1995, the next $50,000 from the proceeds of the sale of the house shall be divided equally between the parties, as reimbursement for their contributions from their separate, nonmarital funds, and further providing that the next $15,000 shall be paid to the defendant as recompense for the remainder of his separate contributions, and any balance of the proceeds shall be divided equally; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Prior to the parties' marriage the defendant purchased the house which was to become the marital residence for the sum of $65,000. He paid $40,000 in cash and took out a $25,000 mortgage. After the marriage, he transferred title to the house from himself to himself and the plaintiff. The court found that during the course of the marriage the plaintiff put in at least $25,000, from funds which she inherited towards the expenses and upkeep of the marital residence. The Supreme Court directed that the defendant be reimbursed for his $40,000 contribution towards the marital residence, but failed to make a similar provision for the plaintiff.

While the trial court properly found that both parties made contributions of their separate property towards the purchase, upkeep, and renovation of the marital residence, it improperly provided that only the defendant was to be recompensed for those expenditures. It should also have directed repayment to the plaintiff for the expenditure of her separate, nonmarital funds towards the marital residence (see, Strang v Strang, 222 AD2d 975).

We have examined the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.