■ EILEEN LYNCH, Respondent-Appellant, v FREDERICK J. KING, Appellant-Respondent. [725 NYS2d 391] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Orange County (Green, J.), entered March 27, 2000, which, *inter alia,* after a nonjury trial, equitably distributed the parties' marital property, and the plaintiff wife cross-appeals from stated portions of the same judgment, which, *inter alia,* cancelled a deed transferring the marital residence to the parties jointly and awarded her only $75,000 representing one-half of the appreciated value of the marital residence.

Ordered that the judgment is modified, on the law, by deleting the fourth and fifth decretal paragraphs thereof cancelling the deed and awarding the plaintiff $75,000 representing one-half of the appreciation value of the marital residence, and substituting therefor a decretal paragraph awarding the plaintiff $137,500 representing her equitable share of the appreciation of the marital residence; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs payable to the plaintiff.

The parties were married on October 2, 1987. At the time of

the marriage, the defendant owned land in Greenville, New York, with a partially-constructed residence. The parties signed a prenuptial agreement before the marriage which provided that the defendant possessed equity in the amount of $350,000 in the Greenville property.

After the marriage, at the defendant's direction, the plaintiff left her job to supervise the completion of the Greenville residence. She also contributed to the value of the home by performing many hours of physical labor. By deed dated November 1, 1989, the defendant conveyed his sole interest in the property to himself and the plaintiff as tenants by the entirety with rights of survivorship. The plaintiff commenced this action for a divorce and ancillary relief nine years later.

We conclude that the Greenville residence is marital property and that the Supreme Court erred in directing the cancellation of the deed. The defendant's conveyance of the property to himself and the plaintiff as tenants by the entirety evinces his intent that the plaintiff have an ownership interest in the property (*see, Coffey v Coffey,* 119 AD2d 620, 622; *Parsons v Parsons,* 101 AD2d 1017; *cf., Ackley v Ackley,* 100 AD2d 153). By placing the home in both parties' names, the defendant changed the character of the property to marital property (*see, Diaco v Diaco,* 278 AD2d 358; *Schmidlapp v Schmidlapp,* 220 AD2d 571; *Monks v Monks,* 134 AD2d 334).

The Supreme Court providently exercised its discretion in accepting the testimony of the plaintiff's valuation expert that the marital residence was worth $625,000 at the end of the marriage (*see, Diaco v Diaco, supra; Gunn v Gunn,* 261 AD2d 360; *Sagarin v Sagarin,* 251 AD2d 396). However, we conclude that the defendant should receive a credit of $350,000 for his contribution of separate property toward the creation of the marital asset (*see, Monks v Monks, supra; Coffey v Coffey, supra,* at 622), since this was the stated amount of his equity in the home set forth in the prenuptial agreement. Accordingly, the plaintiff's equitable share of the marital residence is $137,500.

The Supreme Court did not err in finding that the defendant commingled separate funds with marital funds, notwithstanding a provision in the prenuptial agreement identifying $100,000 in cash as his separate property, since he failed to establish that these funds were separately maintained (*see, Judson v Judson,* 255 AD2d 656, 657; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534; *Carney v Carney,* 202 AD2d 907).

The parties' remaining contentions are without merit. Altman, J. P., Krausman, Luciano and H. Miller, JJ., concur.