■ MONICA POST, Respondent, v DANIEL POST, Appellant. [890 NYS2d 581]—

The marital residence was purchased by the defendant in 1985. In 2001, after the parties were married, the marital residence was transferred from the defendant to himself and the plaintiff, as tenants by the entirety. Later, the property was transferred into the plaintiff's name alone.

In *Coffey v Coffey* (119 AD2d 620, 622 [1986]), this Court held that a husband's conveyance of his real property to himself and his wife, as tenants by the entirety, "evidenced an intention that the wife have an ownership interest in [the] assets" (*see also Monks v Monks,* 134 AD2d 334 [1987]). We, therefore, concluded that the assets in issue, which had been placed in the parties' joint names, were properly characterized as marital property, within the meaning of Domestic Relations Law § 236 (B) (1) (c). This Court further recognized, however, that "there is no requirement that the distribution of each item of marital property be on an equal or 50-50 basis" (*Arvantides v Arvantides,* 64 NY2d 1033, 1034 [1985]; *see Parsons v Parsons,* 101 AD2d 1017 [1984]). Accordingly, we ruled in *Coffey* that the husband was entitled to receive a credit for the contribution of his separate property toward the creation of the marital assets.

Turning to the facts of the instant case, and mindful of the principles set forth in the *Coffey* decision, we conclude that the trial court properly awarded the defendant a credit for his contribution of his separate property toward the creation of the marital assets. However, the amount of the credit awarded was insufficient. Under the circumstances of this case, the defendant was entitled to a credit in the amount of $208,000.

Also, the court erred in awarding the plaintiff a portion of the defendant's business. The plaintiff, as the party seeking an interest in the business, submitted no proof of its value, and failed to identify the business assets (*see Goudreau v Goudreau,* 283 AD2d 684 [2001]; *LaBarre v LaBarre,* 251 AD2d 1008 [1998]; *Antoian v Antoian,* 215 AD2d 421, 422 [1995]). The Supreme Court did not determine any assets of the business, but awarded the plaintiff $43,000 based upon the defendant's income. The court's award is not supported by the record as there was no proof of business value or assets.

Furthermore, the court erred in not awarding the defendant a portion of the furnishings in the plaintiff's possession. The record shows that the plaintiff took many of the parties' marital possessions, particularly furniture, without the defendant's knowledge. The Supreme Court should have directed the distribution of 50% of the actual furnishings to the defendant. Accordingly, the matter must be remitted to the Supreme Court, Orange County, to award the defendant 50% of the furnishings, following a hearing.

The defendant's remaining contentions are without merit. Santucci, J.P., Miller, Dickerson and Leventhal, JJ., concur.